UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Andrew James McGonigle, individually and on behalf of others similarly situated | : : : Case No. 2:24-cv-04293 |
| Plaintiff, | : : Judge James L. Graham |
| v. | : : Magistrate Judge Chelsey M. Vascura |
| Value City Furniture, Inc., | : : |
| Defendant. | : |

**Defendant Value City Furniture, Inc.'s Verified Answer and Affirmative Defenses to Plaintiff McGonigle's Complaint**

For its Answer to Plaintiff Andrew James McGonigle's ("**McGonigle**") Complaint, Defendant Value City Furniture, Inc. ("**Value City**") states as follows:

**I.  Answer**

**Nature of this Action**

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Value City denies the truth of the allegations of that paragraph.

**Jurisdiction and Venue**

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required.

1

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required.

### Parties

6. Value City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies same.

7. Value City denies the truth of the allegations contained in paragraph 7. Further answering, Value City denies that Value City Furniture, Inc. is the proper party in interest.

### Factual Allegations

8. Value City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

9. Value City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

10. Value City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11. Value City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies same.

12. In response to paragraph 12, Value City states that Value City received express consent to send automated marketing text messages to McGonigle's telephone number at issue, (804) 238-XXXX (the "Telephone Number"), on April 14, 2022, evidence of which is attached as Exhibit 1 to this Verified Answer. *See* **Exhibit 1**, 10.22.2024 Letter responding to Demand Letter from McGonigle's prior counsel and attachments, marked as **Exhibit 1-A** (Demand Letter from D. Oliver), **Exhibit 1-B** (Audit letter from compliance vendor, Attentive, which confirms a manual opt-in to promotional messaging from the Telephone Number, and

**Exhibit 1-C** (the full message history between Value City and the Telephone Number, which documents the opt-in on April 14, 2022). Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the automated text message program ("**Program**"), but McGonigle never replied "STOP" to cancel the messages. Furthermore, when Value City received the Demand Letter from McGonigle's prior counsel incorrectly alleging that Value City lacked consent to send the text messages, Value City immediately removed the Telephone Number from the Program. Value City denies the truth of the remaining allegations of paragraph 12.

13. In response to paragraph 13, Value City states that Value City received express consent to send automated marketing text messages to Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages. Value City denies that the images in paragraph 13 fully, fairly, or accurately summarize or characterize the text message and denies the truth of the remaining allegations of that paragraph.

14. In response to paragraph 14, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages. Value City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore denies same.

15. Value City denies the truth of the allegations contained in paragraph 15.

16. Value City admits the truth of the allegations contained in paragraph 16. Further answering, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages.

17. Value City denies the truth of the allegations contained in paragraph 17. Further answering, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages.

18. Value City denies the truth of the allegations contained in paragraph 18. Further answering, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages.

19. Value City denies the truth of the allegations contained in paragraph 19.

20. Value City denies the truth of the allegations contained in paragraph 20.

**Class Action Allegations**

21. In response to paragraph 21, Value City states that the proposed class is not entitled to notice because the alleged putative class is not similarly situated to McGonigle.

22. Paragraph 22 does not contain any allegations requiring a response, and it is, therefore, denied.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in that paragraph.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in that paragraph.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in that paragraph.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in that paragraph. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in that paragraph. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

28. In response to paragraph 28, Value City states Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied

5

"STOP" to cancel the messages. Value City denies the truth of the remaining allegations of paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 29. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 30. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 31. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 32. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 33. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 34. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 35. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 36. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 37. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 38. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained

in paragraph 39. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 40. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 41. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 42. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 43. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 44. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 45. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 46. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 47. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent that a response is required, Value City denies the truth of the allegations contained in paragraph 48. Further answering, Value City states that the proposed class is invalid because McGonigle's claim fails and he fails to allege a viable class.

**Count I**
**Violation of 47 U.S.C. §227(c)(5)**

49. Value City incorporates its responses to the paragraphs above as if fully restated here.

50. Paragraph 50 contains legal conclusions to which no response is required.

51. Paragraph 51 contains legal conclusions to which no response is required.

52. Paragraph 52 contains legal conclusions to which no response is required.

53. Paragraph 53 contains legal conclusions to which no response is required.

54. Paragraph 54 contains legal conclusions to which no response is required.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages. Value City denies the truth of the remaining allegations contained in paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages. Value City denies the truth of the remaining allegations contained in paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Value City states that Value City received express consent to send automated marketing text messages to the Telephone Number on April 14, 2022. Further answering, Value City states that McGonigle was notified that he could reply "STOP" at any time to cancel his participation in the Program, but McGonigle never replied "STOP" to cancel the messages. Value City denies the truth of the remaining allegations contained in paragraph 57.

58. Value City denies each and every allegation of the Complaint except for those expressly admitted above.

## Prayer for Relief

59. To the extent a response is required to the unnumbered Prayer for Relief, Value City denies the allegations in paragraphs a. through e. of the "Prayer for Relief" and further denies that McGonigle is entitled to any relief from Value City. Accordingly, Value City respectfully requests that McGonigle's individual claim be denied and dismissed due to Value City's documented express consent to send the messages at issue. As a result, McGonigle cannot maintain the class claims set forth in the Complaint and they must also be dismissed.

## II. Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. McGonigle and the proposed class are barred from asserting their claims, in whole or in part, to the extent the text messages at issue were sent with their prior express permission or consent, and that consent was not effectively revoked.

3. McGonigle and the proposed class members lack standing to bring the claims alleged in the Complaint, especially against Value City because any harm allegedly caused by the alleged calls at issue are not fairly traceable to any violation committed by Value City. That is particularly true here, given that McGonigle and others voluntarily provided their numbers for the purpose of receiving messages like those referenced in the Complaint.

4. The Complaint is barred in whole or in part because Value City meets the standards set forth in 47 C.F.R. §64.1200(c)(2)(ii).

5. The Complaint is barred in whole or in part because Value City has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

6. The Complaint is barred in whole or in part because, if any text messages were sent by Value City to McGonigle or members of the proposed class, Value City possessed a good-faith belief that it had consent to send the text messages to the numbers at issue.

7. The Complaint is barred in whole or in part to the extent the members of the proposed class did not receive more than one text message within any 12-month period by or on behalf of Value City.

8. McGonigle and the proposed class members were not "charged for the call" with respect to the text messages at issue, as that term is used in the TCPA.

9. McGonigle and the proposed class members' claims are barred to the extent the phone number contained in the Complaint is not a residential number.

10. The Complaint fails to state a claim for injunctive relief because McGonigle and the proposed class members have an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call or monetary compensation for actual damages.

11. Any claim for treble damages is barred because Value City did not engage in knowing or willful misconduct.

12. McGonigle and the proposed class members are barred from asserting their claims to the extent that limitations on exclusive remedies and damages are set forth in any applicable terms and conditions that apply to them.

13. All claims brought in the Complaint are barred to the extent that McGonigle and the proposed class members had an established business relationship with Value City or had previously purchased from Value City.

14. McGonigle and the proposed class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

15. Without assuming the burden of proof, McGonigle and the alleged members of the proposed class are not similarly situated.

16. Potential claims of the proposed class members reflect factual variability that cause individual issues to predominate over class issues, including McGonigle's express consent to receive the text messages.

17. McGonigle cannot satisfy the prerequisites set forth in Fed. R. Civ. P. 23 to maintain this action as a class action. Value City gives notice that in the event the Court certifies any class, which Value City denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded to all members of any such class.

18. McGonigle and the proposed class are barred from asserting their claims, in whole or in part, based on the doctrines of acquiescence, estoppel, waiver, fraud, unclean hands, and laches.

19. McGonigle and members of the proposed class may be barred from proceeding in this action to the extent that they have agreed to arbitration of disputes with Value City.

20. Value City reserves the right to assert further affirmative defenses as they become evident through discovery.

Respectfully submitted,

/s/ Christopher W. Tackett
Christopher W. Tackett (0087776)
Graycen M. Wood (0102160)
**Bailey Cavalieri, LLC**
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
T. 614.221.3155
F. 614.221.0479
ctackett@baileycav.com
gwood@baileycav.com
*Counsel for Defendant Value City Furniture, Inc.*

## **VERIFICATION**

I, \_\_\_\_Ryan Dezso\_\_\_\_, being first duly sworn, state that I have reviewed the allegations of the above Verified Answer of American Signature, Inc. and swear that the factual allegations contained in the Verified Answer are true and accurate to the best of my knowledge, information, and belief.

Signed by:
*Ryan Dezso*
BEF2FC6EB9364FA...

By: Ryan Dezso
Title: Director, Media Services
American Signature, Inc.

**CERTIFICATE OF SERVICE**

  I certify a copy of the foregoing document has been served on January 24, 2025, via this Court's ECF system.

                */s/ Christopher W. Tackett*
                Christopher W. Tackett (0087776)