# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:24-cv-04293 ) ) Judge James L. Graham ) |
| v. | ) ) |
| VALUE CITY FURNITURE, INC., | ) Magistrate Judge Chelsey M. Vascura ) ) |
| Defendant. | ) ) ) |

## MOTION TO EXTEND DISCOVERY FOR THE PURPOSE OF ISSUING SUBPOENA

Comes now the Plaintiff, Andrew James McGonigle, and files this motion to extend the instant discovery deadlines in this matter for the purpose of issuing a single subpoena to permit the Rule 30(b)(6) deposition of Attentive, Inc.. In support thereof, Plaintiff states as follows:

As this Court is aware, this case involves telemarketing conduct committed by the Defendant, Value City Furniture, Inc.. To send the messages, Value City relied on the services of a third party vendor, non-party Attentive, Inc.. Value City also relied on Attentive's legal advice and expertise in compliance matters. On July 21, 2025, the Plaintiff deposed Value City Furniture's 30(b)(6) representative, Ryan Dezso, its Director of Paid Media. Mr. Dezso testified about various matters pertaining to Attentive, including Attentive's provision of compliance advice to Value City, Value City's reliance on Attentive expertise in crafting its texting policies, Value City's non-maintenance and reliance on Attentive to maintain an internal Do Not Call policy, Attentive to maintain its own internal Do Not Call policies, and Value City's discussion of the feasibility of using the Reassigned Number Database, which would have prevented the calls to Mr. McGonigle.

After that deposition, and still within the discovery period, counsel for Plaintiff reached out *multiple times* to seek Defendant's consent, or at least Defendant's position, on the issuance of a deposition subpoena to Attentive. Defendant's counsel completely ignored the Plaintiff's repeated requests for position, despite issuing *three subpoenas of its own* on July 25, 2025, the day of Mr. McGonigle's deposition, and a mere three days before discovery was ordered to close, on July 30. Defendant also *"served"* (via Certified Mail) those subpoenas, which were delivered *after the close of discovery*. Though the limited bifurcated discovery period has closed in this matter, the Plaintiff did not (as Defendant did) want to issue a subpoena with a corresponding date for compliance *after* the discovery period. So, Plaintiff's counsel, in good faith, reached out to Defendant's counsel, prior to the close of discovery to seek the Defendant's position, or to at least represent to this Court that this matter is opposed. Particularly given that Defendant has issued *three* subpoenas with a date for compliance noticed on August 11, after the close of discovery, the balance of equities also weighs in favor of good cause for permitting the Plaintiff to issue the single deposition subpoena sought.

A district court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). The Sixth Circuit has held that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id*.

This District has recognized that good cause exists to modify a scheduling order where the moving party acts diligently, any delay is not solely attributable to them, and the discovery sought is significant to the merits of the case. In *Frechette v. Health Recovery Services, Inc.*, the

court granted an extension of the discovery deadline where Plaintiffs made multiple prior attempts to schedule a key deposition, and the delay could not be unilaterally attributed to them. See No. 2:19-cv-4453, 2022 U.S. Dist. LEXIS 206782, at *6 (S.D. Ohio Nov. 10, 2022). The court also emphasized the importance of the at-issue discovery to class certification, specifically noting how the information would assist Plaintiffs in demonstrating commonality and typicality, as well as the difficulty inherent in scheduling an individual deposition of an individual thought to have personal knowledge of matters that would be covered in a 30(b)(6) deposition. *Id*. at 5–6. Similarly, here, Plaintiff made multiple timely efforts to confer with Defendant regarding the proposed subpoena, but Defendant entirely ignored those efforts. In this case, the delay is not shared-it is attributable solely to Defendant's refusal to engage or provide a position or cooperate in scheduling the subject deposition. Moreover, the information sought is directly relevant to issues central to Attentive's knowledge of the facts at issue, not only with respect to the Plaintiff's individual claims regarding the messages he received but were intended for someone else, but also including the scope and nature of the putative class and the common factual basis for their claims, including their lack of consent. As in *Frechette*, these circumstances weigh in favor of a finding of good cause under Rule 16(b)(4).

      In contrast, the Sixth Circuit has emphasized that a party's failure to act after learning they will be unable to meet a discovery deadline weighs heavily against a finding of diligence. Courts have consistently found a lack of good cause where the moving party had sufficient time to seek modification of the schedule but failed to do so before the deadline expired. For example, in *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003), the court denied modification where the party had been "obviously aware" of the basis for the claim for many months but failed to act until it was brought to their attention by another. Likewise, in *Moore v. Industrial Maintenance*

3

*Services of Tennessee, Inc.*, 570 F. App'x 569, 577 (6th Cir. 2014), the court upheld a finding of non-diligence where the plaintiffs failed to timely move for modification, despite having ample time between learning they could not meet the deadline and its expiration. Similarly, in *Flowers v. Riverside Landing Nursing & Rehab.*, Inc., No. 2:17-cv-208, 2018 U.S. Dist. LEXIS 136851, at *4 (S.D. Ohio Aug. 14, 2018), the court denied a scheduling modification where the moving party failed to demonstrate that its justifications were grounded in any effort to meet deadlines, holding that the party "failed to establish that good cause exists" and that "none of its proffered justifications speak to its diligence in meeting case deadlines." In contrast, Plaintiff here did not sit on his rights. Plaintiff identified the need for third-party discovery within the discovery period, reached out to opposing counsel to resolve the issue cooperatively and without burdening the Court, and refrained from issuing the subpoena only out of respect for the Court's scheduling order and in anticipation of cooperation that never came. Unlike in cases where delay results from inaction despite clear warning or conclusory justification, Plaintiff acted promptly and responsibly in attempting to comply with both the procedural and practical demands of discovery.

      While courts consider potential prejudice to the non-moving party in assessing good cause, the focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *DiLuzio v. Vill. of Yorkville, Ohio*, No. 2:11-cv-1102, 2013 U.S. Dist. LEXIS 93522, 2013 WL 3353890, at *3 (S.D. Ohio July 3, 2013). Nonetheless, there is no meaningful prejudice to Defendant here. Unlike in *Moore v. Indus. Maint. Servs. of Tenn., Inc.*, where a party would have had to reformulate its trial strategy and expend new resources to respond to late-disclosed expert evaluations, see 570 F. App'x 569, 577 (6th Cir. 2014), Plaintiff merely seeks to issue a single

third-party subpoena on a topic and entity already known to both sides. And Defendant can hardly argue it is being burdened by having a third party produce a representative. Nor can Defendant cannot reasonably claim surprise or hardship, particularly where it has already issued its own subpoenas with return dates falling after the close of discovery. That conduct not only undercuts any claim of prejudice, but it also further supports allowing Plaintiff the same opportunity in the interest of fairness and parity.

It is readily apparent that Rule 16(b)(4)'s "good cause" standard is satisfied here. The amendment of the schedule would not result in undue delay, unduly prejudice the nonmoving party, or be futile. Here, the Plaintiff has demonstrated that he has acted with all promptitude and without any form of undue delay, particularly as the Plaintiff is timely seeking judicial intervention on the issue after unsuccessful efforts to attempt to resolve the issue of the instant subpoena informally. Nor would additional evidence be used to assert new claims or causes of action as against Value City, rendering amendment futile. As no claims would be added or removed, the discovery would not require amendment and thus not be futile, either, and would not necessitate the filing of an amended complaint or the conduction of more discovery beyond the scope of this Court's existing orders.

Nor would permitting amendment to allow for service of the single deposition subpoena affect the dates for trial or class certification; this Court has already bifurcated discovery in this matter, and as such, the schedule reflects the phased nature of the discovery sought at this juncture. For the foregoing reasons, the Court should amend the scheduling order to permit the issuance of the subpoena sought.

5

DATE: August 7, 2025

         PLAINTIFF, individually and

         on behalf of others similarly situated,

     By:

     */s/ Andrew Roman Perrong*
     Andrew Roman Perrong
     Perrong Law LLC
     2657 Mount Carmel Avenue
     Glenside, PA 19038
     [o] (215) 225-5529
     [f] (888) 329-0305
     anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, I electronically served the foregoing on counsel for the parties.

              */s/ Andrew Roman Perrong*
              Andrew Roman Perrong