UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Andrew James McGonigle, individually and on behalf of others similarly situated | : :  :  Case No. 2:24-cv-04293 : :  Judge James L. Graham :  :  Magistrate Judge Chelsey M. Vascura : : : |
| Plaintiff, | |
| v. | |
| Value City Furniture, Inc., | |
| Defendant. | |

**Defendant Value City Furniture, Inc.'s Opposition to Plaintiff
Andrew James McGonigle's Motion to Extend Discovery (ECF No. 20)**

Plaintiff Andrew James McGonigle ("**McGonigle**") has moved to extend the discovery cutoff to seek discovery from third-party Attentive, Inc. ("**Attentive**"), after that cutoff has already past, and McGonigle has long-known of Attentive's involvement in this action. Value City Furniture, Inc. ("**Value City**") first disclosed Attentive as an entity with knowledge in its initial disclosures served upon Plaintiff McGonigle in April. In early July, McGonigle stated he would subpoena Attentive. But, McGonigle unexplainably still failed to do so and failed to raise this issue during the discovery period. Because McGonigle sat on his hands, his motion for an extension of the discovery period ("**Motion**") should be denied.

    **A.**    **McGonigle's Motion Is Untimely and Dilatory.**

"While district courts have broad discretion over docket control and the discovery process, courts frequently deny discovery motions filed after the close of discovery." *Hunter v. Rhino Shield*, No. 2:18-cv-1097, 2021 U.S. Dist. LEXIS 260164, *4 (S.D. Ohio April 30, 2021) (citing *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642-43 (6th Cir. 2018)). "'This is

especially true where the moving party had the information it needed to file the discovery motion and its late filing would prejudice the other party.'" *Id*. (quoting *Pittman*, 901 F.3d at 643) (finding the plaintiff did not show good cause for a discovery motion after the close of discovery); *see also Stahl v. Coschocton Cnty*., No. 2:15cv572, 2016 U.S. Dist. LEXIS 130526, *9 (S.D. Ohio Sept. 23, 2016) (denying plaintiff's discovery motion filed after the discovery deadline). This Court regularly denies a party's request to extend the discovery deadline after the discovery deadline has already passed. *See, e.g., Donnelly v. Health Mgmt. Sols., Inc*., No. 2:19-cv-5303, 2021 U.S. Dist. LEXIS 273043, *1-2 (S.D. Ohio Nov. 15, 2021) (Vascura, Mag. J.) (explaining plaintiff unsuccessfully moved to extend discovery nearly a month after the discovery deadline); *McNamee v. Nationstar Mortgage*, No. 2:14-cv-1948, 2021 U.S. Dist. LEXIS 223310, *10 (S.D. Ohio May 17, 2021) (Vascura, Mag. J.) (denying a discovery motion filed after the close of discovery).

      This Court, in its preliminary pretrial order, stated "[a]ll discovery on the Plaintiff's individual claim shall be completed by June 30, 2025. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and **must also file any motions relating to discovery within the discovery period**." (ECF No. 13, PageID 85, emphasis added.) On May 29, 2025, the Court granted the parties' Joint Motion to Amend the Case Schedule and extended the discovery cutoff to July 30, 2025. (ECF No. 18, PageID 98.) Now, on August 7, more than one week after the discovery cutoff, McGonigle filed a motion to "extend" the already-closed discovery period. McGonigle's dilatory conduct is not cause to re-open the closed discovery period.

2

Indeed, McGonigle's Motion requests extended time to issue a subpoena to permit the "Rule 30(b)(6) deposition of Attentive, Inc., Value City's TCPA compliance vendor." (ECF No. 20, PageID 99.) Value City identified Attentive as having knowledge and documents relevant to this lawsuit in its initial disclosures, served April 2, and its interrogatory responses, served April 22, 2025. (Ex. 1, Value City's Discovery Responses, p. 2-4.) In its discovery response, Value City stated that certain documents McGonigle requested were in Attentive's possession. (*Id.* at p. 8.) After Value City provided its discovery responses, McGonigle followed up with Value City on perceived discovery deficiencies, including Attentive's possession of documents relevant to this lawsuit. (Ex. 2, Email Correspondence, p. 9, explaining that Value City does not have possession, custody, or control over Attentive's documents.)

The parties met and conferred on various discovery issues via teleconference on July 10, 2025, including the issue of Attentive' s documents. During the conference, Value City's counsel suggested that McGonigle's counsel subpoena Attentive for the records McGonigle sought but agreed to check with Attentive's counsel to see if Attentive would willingly provide the requested documents to Value City. The conference is documented in McGonigle's counsel's recap email sent the same day, which states, "You [Value City] will inquire of Attentive if they will produce their policies and promptly advise us of the same… and **we will attempt to obtain them from Attentive**." (Ex. 3, Email Correspondence, p. 3, emphasis added.) On July 16, Value City's counsel confirmed it reached out to Attentive's counsel, who stated Attentive TCPA policies were not the property of Value City and not subject to request from Value City. (*Id.* at p. 1.) The timeline is clear—McGonigle knew of Attentive's involvement in this litigation since April 2025, and his counsel expressed an intention to

3

subpoena Attentive for documents (not a deposition) on July 10, 2025. McGonigle has not demonstrated "promptitude" as he puts it—rather, he has demonstrated procrastination. (ECF No. 20, PageID 103.)

Therefore, there is no good cause to permit McGonigle to extend (re-open) discovery to issue a subpoena to a third-party he has known about for four months and that he expressed an intention to subpoena twenty days before the discovery cutoff. The fact that McGonigle sat on his hands until the discovery cutoff had already passed does not justify the relief McGonigle seeks. This Court has denied similar requests in similar, dilatory scenarios. *Hunter*, 2021 U.S. Dist. LEXIS 260164, at *4; *Donnelly*, 2021 U.S. Dist. LEXIS 273043, at *1-2.

McGonigle's own case law supports that his motion should not be granted. He asserts "[c]ourts have consistently found a lack of good cause where the moving party had sufficient time to seek modification of the schedule but failed to do so before the deadline expired." (ECF No. 20, PageID 101.) Yet, that is precisely what McGonigle did. He knew of Attentive's involvement in this action, received Value City's confirmation that it could not obtain the requested documents, contemplated issuing a subpoena, and failed to do so for no good reason. McGonigle undermines his own motion.

Contrary to McGonigle's assertion that his counsel "reached out multiple times to seek Defendant's consent, or at least Defendant's position, on the issuance of a deposition subpoena to Attentive," the email correspondence attached to this filing shows that 1) the parties conferred about access to Attentive's documents, 2) McGonigle's counsel stated they would attempt to obtain documents from Attentive if Value City could not, and 3) Value City confirmed Attentive would not provide any documents. (Ex. 2-3.) Above all, the record shows

4

the parties never conferred about a deposition of Attentive, which McGonigle has now manufactured in attempts to obtain his belated extension and belated deposition.

Finally, McGonigle's suggestion that Value City's subpoenas somehow warrant a quid pro quo is a red herring. Value City issued three subpoenas to McGonigle's former employers for his tax records, which McGonigle himself refused to provide in discovery. Value City learned the identity of those employers in McGonigle's deposition on July 25 and sent the subpoenas out that same day. McGonigle could have moved to quash the subpoenas or moved for a protective order within the discovery period if he thought the subpoenas were improper (although he would lack standing to do so). But, he did not. He only now raises the issue of Value City's subpoenas to try making his unexplained delay look better.

Any extension to subpoena Attentive for a deposition will cause multiple months of delay in serving Attentive, presumably receiving and reviewing documents from Attentive, coordinating with Attentive and all counsel on an available deposition date, and conducting the deposition. The dispositive motion deadline is just over two weeks away, and Value City is already working on its dispositive motion. Not only is McGonigle's request belated, but it will prejudice Value City and delay the Court in reaching the merits of McGonigle's individual claim.

For these reasons, McGonigle's Motion should be denied. This Court should not endorse McGonigle's proven delay through the discovery process.

Respectfully submitted,

*/s/ Christopher W. Tackett*
Christopher W. Tackett     (0087776)
Graycen M. Wood              (0102160)
**Bailey Cavalieri, LLC**
10 West Broad Street, Suite 2100
Columbus, Ohio 43215

5

T. 614.221.3155<br>
ctackett@baileycav.com<br>
gwood@baileycav.com<br><br>
*Counsel for Defendant Value City Furniture, Inc.*

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document has been served on August 18, 2025, via this Court's ECF system.

<u>/s/ Christopher W. Tackett</u><br>
Christopher W. Tackett     (0087776)