<u>Exhibit 1</u>

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| Andrew James McGonigle, individually and on behalf of others similarly situated : : : | |
| Plaintiff, : : | Case No. 2:24-cv-04293 |
| v. : : | Judge James L. Graham |
| Value City Furniture, Inc., : : | Magistrate Judge Chelsey M. Vascura |
| Defendant. : | |

**<u>Defendant Value City Furniture, Inc.'s Responses to</u>**
**<u>Plaintiff Andrew McGonigle's First Discovery Requests</u>**

Pursuant to Fed. R. Civ. P. 33 and 34, Defendant Value City Furniture, Inc. ("**Value City**") responds to Plaintiff Andrew James McGonigle's First Interrogatories and Requests for Production ("**Requests**").

**I.     GENERAL OBJECTIONS**

Value City generally objects to the Requests to the extent they:

1.    Are premature while discovery remains ongoing.

2.    Seek information not relevant to any party's claims or defenses in the case.

3.    Seek information not proportional to the needs of the case.

4.    Include definitions and instructions seeking to impose an obligation to disclose documents or information that is already in the possession or control of the requesting party, publicly available, and as easily obtained by the requesting party as the responding party, on the ground that such discovery is overbroad and unduly burdensome.

Exhibit 1

5. Include definitions and instructions purporting to impose any requirement or discovery obligation beyond those set forth in the applicable Federal Rules of Civil Procedure, the Local Rules, and the Orders entered by the Court and agreed to by the parties.

6. Include Requests seeking disclosure of documents or other information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Inadvertent disclosure of any privileged or protected information or documents in response to these Requests shall not be deemed a waiver of the applicable privilege or protection.

Value City incorporates the General Objections above into its responses below.

## II. RESPONSES

### Interrogatories

1. Identify each communication or attempted communication between Plaintiff and Defendant, or between telephone number 804-238-5410 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 804-238-5410 and a vendor on behalf of Defendant, including the date of each communication.

    **Response: Value City objects to this Interrogatory because the phrase "attempted communication" is vague, ambiguous, and undefined. Value City objects to this Interrogatory because it is compound. Value City objects to this Interrogatory to the extent that it suggests that any communications with 804-238-5410 ("Telephone Number") were sent without express consent.**

    **Subject to and without waiving the foregoing objections and the General Objections: per Fed. R. Civ. P. 33(d), see document marked Value City Furniture_004.**

2. Identify the hardware and software Defendant, or a vendor on behalf of Defendant, used in connection with communications or attempted communications with Plaintiff, or with telephone number 804-238-5410.

    **Response: Value City objects to this Interrogatory because the phrases "hardware and software" and "attempted communications" are vague, ambiguous, and**

        undefined. **Subject to and without waiving the foregoing objections and the General Objections: Value City's vendor is Attentive.**

3. Identify the system or software Defendant, or a vendor on behalf of Defendant, used to document or otherwise memorialize details of communications or attempted communications between Plaintiff and Defendant, or between telephone number 804-238-5410 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 804-238-5410 and a vendor on behalf of Defendant—including the date, time, substance of, and disposition of, the communications or attempted communications.

   **Response: Value City objects to this Interrogatory because the phrases "hardware and software" and "attempted communications" are vague, ambiguous, and undefined. Value City objects to this Interrogatory because it is duplicative of Interrogatory Nos. 1 and 2. Subject to and without waiving the foregoing objections and the General Objections: Value City's vendor is Attentive. Per Fed. R. Civ. P. 33(d), see document marked Value City Furniture_004.**

4. Identify each vendor that delivered or attempted to deliver a text message on behalf of Defendant to Plaintiff, or to telephone number 804-238-5410.

   **Response: Value City objects to this Interrogatory because it is duplicative of Interrogatory Nos. 2 and 3. Subject to and without waiving the foregoing objections and the General Objections: Attentive.**

5. Identify the reason(s) Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver text messages to Plaintiff, or to telephone number 804-238-5410, and the intended recipient(s) of the text messages.

   **Response: Value City objects to this Interrogatory because the terms "reason(s)" and "intended recipients" are vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent it suggests that that any communications with the Telephone Number were sent without express consent. Value City objects to this Interrogatory because it is compound. Subject to and without waiving the foregoing objections and the General Objections: the owner of the Telephone Number expressly opted in to receive text messages from Value City on April 14, 2022 and the Telephone Number remained voluntarily enrolled in Value City's marketing program until McGonigle provided first notice that McGonigle did not wish to receive marketing text messages.**

6. Identify from whom, for what purpose, from where, when, why, and how Defendant obtained or procured telephone number 804-238-5410.

   **Response: Value City objects to this Interrogatory because the phrase "for what purpose" is vague, ambiguous, and undefined. Value City objects to this Interrogatory because it is compound. Value City objects to this Interrogatory to**

3

the extent it suggests that that any communications with the Telephone Number were sent without express consent. Subject to and without waiving the foregoing objections and the General Objections: per Fed. R. Civ. P. 33(d), see document marked Value City Furniture_002.

7. Identify any relationship or account Defendant has or had with Plaintiff, in connection with which Plaintiff could have provided telephone number 804-238-5410 to Defendant.

   **Response: Value City objects to this Interrogatory because the phrase "relationship or account" is vague, ambiguous, and undefined. Value City objects to this Interrogatory because it is overly broad in time and scope. Subject to and without waiving the foregoing objections and the General Objections: the owner of the Telephone Number expressly opted in to receive text messages from Value City on April 14, 2022.**

8. Identify Defendant's efforts, if any, to confirm telephone number 804-238-5410 was on the National Do Not Call Registry.

   **Response: Value City objects to this Interrogatory because the term "efforts" is vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent it seeks to impose obligations on Value City that are greater than its obligations at law. Value City objects to this Interrogatory because McGonigle has not pled that he personally registered the Telephone Number on the Do Not Call Registry. Subject to and without waiving the foregoing objections and the General Objections: the owner of the Telephone Number expressly opted-in to the program to receive marketing text messages from Value City on April 14, 2022** *while the number was already registered on the DNR***.**

9. Identify any express written consent Defendant believes it has or had to deliver text messages to 804-238-5410.

   **Response: The owner of the Telephone Number expressly opted in to receive text messages from Value City on April 14, 2022. Per Fed. R. Civ. P. 33(d), see document marked Value City Furniture_002.**

10. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

    **Response: Value City objects to this Interrogatory because it is overly broad in time and scope. Value City objects to this Interrogatory because it is compound. Value City objects to this Interrogatory because the term "calls" is vague, ambiguous, and undefined. Subject to and without waiving the foregoing objections and the General Objections: there are no allegations in the Complaint that Value City or any third-party made phone calls to Plaintiff McGonigle.**

11. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

    **Response: Value City objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine. Value City objects to this Interrogatory because it is overly broad in time and scope. Value City objects to this Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections: none.**

## Requests for Production

1.  Documents and electronically stored information sufficient to identify each communication or attempted communication between Plaintiff and Defendant, or between telephone number 804-238-5410 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 804-238-5410 and a vendor on behalf of Defendant, including the date of each communication.

    **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrase "sufficient to identify" is vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Subject to and without waiving the foregoing objections and the General Objections: Value City will produce any available communications from Value City or its agents to the Telephone Number.**

2.  Documents and electronically stored information sufficient to identify the system or software Defendant, or a vendor on behalf of Defendant, used to document or otherwise memorialize details of communications or attempted communications between Plaintiff and Defendant, or between telephone number 804-238-5410 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between telephone number 804-238-5410 and a vendor on behalf of Defendant—including the date, time, substance of, and disposition of, the communications or attempted communications.

    **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrase "sufficient to identify" is vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Value City objects to this Request because it is duplicative of Request No. 1. Subject to and without waiving the foregoing objections and the General Objections: Value City will produce its available documents regarding communications with the Telephone Number.**

5

3. Documents and electronically stored information sufficient to identify each vendor that delivered or attempted to deliver a text message on behalf of Defendant to Plaintiff, or to telephone number 804-238-5410.

   **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrase "sufficient to identify" is vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Value City objects to this Request because it is duplicative of Request Nos. 1 and 2.**

   **Subject to and without waiving the foregoing objections and the General Objections: the only vendor that communicated with the Telephone Number is Attentive. Value City will produce responsive documents regarding communications with the Telephone Number.**

4. Documents and electronically stored information sufficient to identify the reason(s) Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver text messages to Plaintiff, or to telephone number 804-238-5410, and the intended recipient(s) of the text messages.

   **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrases "sufficient to identify" and "reason(s)" are vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Value City objects to this Request because it is duplicative of Request Nos. 1-3.**

   **Subject to and without waiving the foregoing objections and the General Objections: the reason for the communications is self-evident, as they were part of Value City's marketing program that the owner of the Telephone Number opted-in to. Value City will produce responsive documents regarding communications with the Telephone Number and its express consent to send marketing messages to the Telephone Number.**

5. Documents and electronically stored information sufficient to identify from whom, for what purpose, from where, when, why, and how Defendant obtained or procured telephone number 804-238-5410.

   **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrases "sufficient to identify" and "for what purpose" are vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent.**

**Subject to and without waiving the foregoing objections and the General Objections: Value City will produce responsive documents showing the express consent it received to send marketing messages to the Telephone Number.**

6. Documents and electronically stored information sufficient to identify any relationship or account Defendant has or had with Plaintiff, in connection with which Plaintiff could have provided telephone number 804-238-5410 to Defendant.

    **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrase "sufficient to identify" is vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Value City objects to this Request because it seeks documents equally available to McGonigle.**

7. Documents and electronically stored information sufficient to identify Defendant's efforts, if any, to confirm that telephone number 804-238-5410 was on the National Do Not Call Registry.

    **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrase "sufficient to identify" is vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Value City also objects to this Interrogatory because McGonigle has not pled that he personally registered the Telephone Number on the Do Not Call Registry.**

    **Subject to and without waiving the foregoing objections and the General Objections: the Telephone Number was on the Do Not Call Registry at the time Value City received express consent to contact the Telephone Number. There would be no reason for Value City to check the Do Not Call Registry for the presence of a number for which it has express consent to send marketing messages.**

8. Documents and electronically stored information referred to or consulted in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

    **Response: Value City objects to this Request because it seeks to invade the attorney-client privilege and the attorney work-product doctrine. Further, the request is overly broad in time and scope. Value City also objects to this Request because it is cumulative of all other Requests. Value City objects to this Request to the extent that it seeks information protected by the attorney-client privilege or work product doctrine.**

9. Records that Defendant associates with Plaintiff, or with telephone number 804-238-5410.

**Response: Value City objects to this Request because it is vague and ambiguous, and also overly broad in time and scope. Value City objects to this Request because it is duplicative of Request Nos. 1-7.**

**Subject to and without waiving the foregoing objections and the General Objections: Value City will produce responsive documents.**

10. Policies, practices, and procedures Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA").

    **Response: Value City objects to this Request because it is overly broad in time and scope, and is not anchored to Plaintiff's individual claim in any way. Value City objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.**

    **Subject to and without waiving the foregoing objections and the General Objections: Value City's outside vendor Attentive handles the marketing program because of Attentive's TCPA-compliance expertise. The TCPA policies, practices, and procedures that inform Attentive's practices would be in the possession of Attentive, not Value City.**

11. Policies, practices, and procedures Defendant uses or used regarding requests or instructions that Defendant or a vendor on its behalf stop delivering text messages to a telephone number, or notifications that Defendant or a vendor on its behalf delivered a text message to the wrong person or telephone number.

    **Response: Value City objects to this Request because it is overly broad in time and scope and not tailored to McGonigle's individual claims. Value City objects to this Request because it is vague and ambiguous. Value City objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.**

    **Subject to and without waiving the foregoing objections and the General Objections: Value City will produce responsive documents.**

12. Statements, declarations, or affidavits prepared or received in connection with this litigation.

    **Response: Value City objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Value City objects to this Request to the extent that it seeks documents equally available to McGonigle.**

    **Subject to and without waiving the foregoing objections and the General Objections: aside from the publicly-filed documents in this case, none.**

Exhibit 1

13. Documents and electronically stored information referencing complaints from persons about text messages Defendant or a vendor on its behalf delivered absent prior express written consent.

   **Response: Value City objects to this Request because it is overly broad in time and scope and not tailored to McGonigle's individual claims. Value City objects to this Request because the phrase "complaints from persons about text messages" is vague, ambiguous, and undefined. Value City objects to this Request because it exceeds the scope of bifurcated discovery on McGonigle's individual claims. Value City objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence on McGonigle's individual claims.**

14. Internal do-not-call or do-not-text lists Defendant maintains as a result of unsubscribe or "stop" requests sent in response to text messages from or on behalf of Defendant.

   **Response: Value City objects to this Request because it is overly broad in time and scope and not tailored to McGonigle's individual claims. Value City objects to this Request because it exceeds the scope of bifurcated discovery on McGonigle's individual claims. Value City objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence on McGonigle's individual claims.**

15. Documents and electronically stored information Defendant received from the Federal Communication Commission's Reassigned Numbers Database.

   **Response: Value City objects to this Request because it is overly broad in time and scope and not tailored to McGonigle's individual claims. Value City objects to this Request because it exceeds the scope of bifurcated discovery on McGonigle's individual claims. Value City objects to this Request to the extent it seeks to impose obligations on Value City that are greater than its obligations at law. Subject to and without waiving the foregoing objections and the General Objections: none.**

16. Documents and electronically stored information Defendant received from the National Do Not Call Registry.

   **Response: Value City objects to this Request because it is overly broad in time and scope and not tailored to McGonigle's individual claims. Value City objects to this Request because it exceeds the scope of bifurcated discovery on McGonigle's individual claims. Value City objects to this Request to the extent it seeks to impose obligations on Value City that are greater than its obligations at law. Subject to and without waiving the foregoing objections and the General Objections: none.**

17. All documents and electronically stored information Defendant contends support the factual bases for its defenses and affirmative defenses.

Exhibit 1

**Response: Value City objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Value City objects to this Request because it is overly broad in time and scope and cumulative of all other Requests. Subject to and without waiving the foregoing objections and the General Objections: Value City will produce responsive documents.**

18. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

    **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections: none.**

19. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

    **Response: Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Value City objects to this Request because it exceeds the scope of bifurcated discovery on McGonigle's individual claims. Subject to and without waiving the foregoing objections and the General Objections: none.**

As to all objections:

*/s/ Christopher W. Tackett*
Christopher W. Tackett   (0087776)
Graycen M. Wood       (0102160)
**Bailey Cavalieri, LLC**
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
T. 614.221.3155
ctackett@baileycav.com
gwood@baileycav.com

*Counsel for Defendant Value City Furniture, Inc.*

10

Exhibit 1

## **CERTIFICATE OF SERVICE**

      I certify a copy of the foregoing document has been served on April 22, 2025, via email to:

Anthony I. Paronich
PARONICH LAW, P.C.
anthony@paronichlaw.com

*Counsel for Plaintiff Andrew McGonigle*

                                                                */s/ Christopher W. Tackett*
                                                               Christopher W. Tackett    (0087776)