Exhibit 2

| | |
|---|---|
| **From:** | Christopher Tackett |
| **To:** | Andrew Perrong |
| **Cc:** | Anthony Paronich; Graycen Wood; Brian Giles; Adrian Radilla |
| **Subject:** | RE: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV |
| **Date:** | Tuesday, July 8, 2025 6:02:50 PM |

Anthony, Andrew, or Brian,

Can one of you respond and let us know what time works for the meet and confer call?

Christopher Tackett  *Member*

**BAILEY | CAVALIERI**

10 W. Broad Street, Ste. 2100  •  Columbus, OH 43215-3422

direct: 614.229.3286  •  main: 614.221.3155  •  fax: 614.221.0479

ctackett@baileycav.com  |  baileycav.com

Bailey Cavalieri LLC

---

**From:** Christopher Tackett <ctackett@baileycav.com>
**Sent:** Tuesday, July 8, 2025 12:28 PM
**To:** Andrew Perrong <a@perronglaw.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Graycen Wood <gwood@baileycav.com>; Brian Giles <Bgiles@gilesharper.com>; Adrian Radilla <aradilla@baileycav.com>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Andrew,

We can talk Thursday afternoon.

Get Outlook for iOS

Christopher Tackett  *Member*

**BAILEY | CAVALIERI**

10 W. Broad Street, Ste. 2100  •  Columbus, OH 43215-3422

direct: 614.229.3286  •  main: 614.221.3155  •  fax: 614.221.0479

ctackett@baileycav.com  |  baileycav.com

Bailey Cavalieri LLC

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Monday, July 7, 2025 3:16:02 PM

1

<u>Exhibit 2</u>

**To:** Christopher Tackett <ctackett@baileycav.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Graycen Wood <gwood@baileycav.com>; Brian Giles <Bgiles@gilesharper.com>; Adrian Radilla <aradilla@baileycav.com>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

The time you provided does not work. Are you available at all from 3:30 Eastern onwards, or alternatively Thursday?

On Mon, Jul 7, 2025, 12:12 PM Christopher Tackett <ctackett@baileycav.com> wrote:

> Andrew,
>
> I am just confirming that I did not receive any reply to our timely response to your request for a call.
>
> -Chris
>
> Christopher Tackett  *Member*
>
> **BAILEY | CAVALIERI**
> 10 W. Broad Street, Ste. 2100  ●  Columbus, OH 43215-3422
> direct: 614.229.3286  ●  main: 614.221.3155  ●  fax: 614.221.0479
> ctackett@baileycav.com  |  baileycav.com
>
> Bailey Cavalieri LLC

**From:** Christopher Tackett <ctackett@baileycav.com>
**Sent:** Friday, July 4, 2025 9:08 AM
**To:** Andrew Perrong <a@perronglaw.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Graycen Wood <gwood@baileycav.com>; Brian Giles <Bgiles@gilesharper.com>; Adrian Radilla <aradilla@baileycav.com>
**Subject:** RE: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Andrew,

<u>Exhibit 2</u>

Your email below does not address many of the key points that we made in our lengthy July 2nd response to your concerns. But, we can talk on Monday at 1:00 if that works for you.

-Chris

Christopher Tackett  *Member*



[10 W. Broad Street, Ste. 2100](#) •
[Columbus, OH 43215-3422](#)

direct: 614.229.3286 • main:
614.221.3155 • fax: 614.221.0479

[ctackett@baileycav.com](mailto:ctackett@baileycav.com) |
[baileycav.com](http://baileycav.com)

Bailey Cavalieri LLC

**From:** Andrew Perrong <[a@perronglaw.com](mailto:a@perronglaw.com)>
**Sent:** Wednesday, July 2, 2025 9:09 PM
**To:** Christopher Tackett <[ctackett@baileycav.com](mailto:ctackett@baileycav.com)>
**Cc:** Anthony Paronich <[anthony@paronichlaw.com](mailto:anthony@paronichlaw.com)>; Graycen Wood <[gwood@baileycav.com](mailto:gwood@baileycav.com)>; Brian Giles <[Bgiles@gilesharper.com](mailto:Bgiles@gilesharper.com)>; Adrian Radilla <[aradilla@baileycav.com](mailto:aradilla@baileycav.com)>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Prior to filing a motion to compel and/or telephone conference with the Court on the following, we would like to set up a call next week to discuss the following:

Our response to your instant email on Interrogatory 5 and 6 etc:

As Value City's response makes clear, the "reason" that the Plaintiff received text messages from Value City was because a previous customer or potential customer had previously entered the number into Value City's website (i.e. "how".) Thus, the identity of that customer, and the circumstances surrounding the customer's opt-in or purchase is relevant to your claimed wrong number defense. We have the preeminent right to seek discovery into that putative consent relationship as well as depose the customer. If, of course, Value City is willing to stipulate that the Plaintiff did not consent and that this is a reassigned number sort situation, we would be happy to take that stipulation.

Exhibit 2

Our Response to Interrogatory 7 issues:

Per the above, the response is non-responsive because it does not address our question as to whether Value City has a relationship with the Plaintiff. A relationship with a telephone number is not a relationship with a person. I'm not sure why our meet and confer on this point is confusing.

Our Response to RFP 9 issues:

Contrary to your assertions, the federal rules *do* obligate you to identify records responsive to each individual request. Rule 34(b)(1)(E)(i). ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."). So please confirm whether you will label the documents in accordance with the Rules or if we will need to seek judicial intervention.

Our response to the RFP 10 and 11 issues:

Our statement is not "conclusory," rather, it is an accurate reflection of 6th Circuit case law. Rule 34(a)'s concept of "possession, care, custody, or control" is disjunctive, meaning that we need only demonstrate one of the factors. Here, we contend that Attentive's policies are subject to Value City's control, because Value City has the legal right to obtain such documents in the possession of attentive. As our Court observed in *Libertarian Party of Ohio v. Husted*, No. 2:13-CV-953, 2014 WL 3928293, at *1–2 (S.D. Ohio Aug. 12, 2014): "Control" is defined as "the legal right or ability to obtain the documents from another source upon demand...." *Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 160 (3d Cir.2004). Neither physical possession nor legal ownership of the documents is required; "[c]ourts have also 'interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement.' " *In re NASDAQ Market–Makers Antitrust Litigation*, 169 F.R.D. 493, 530 (S.D.N.Y.1996), *quoting Golden Trade S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y.1992) (although one court has observed that "the 'practical ability' to demand production must be accompanied by a similar ability to enforce compliance with that demand," *see Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D.Colo.2003)). Further, "[t]he term control in the context of discovery is to be broadly construed." *New York ex rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y.2006). An agency theory is one example of the type of relationship which gives a party-typically the principal-legal control over documents possessed by the agent. *See, e.g., McBryar v. International Union of United Auto. Aerospace & Agr. Implement Workers of America*, 160 F.R.D. 691 (S.D.Ind.1993). An explicit contractual right is another. *See Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513 (D.Kan.2007). Given the expansive definition of "control" articulated by this Court, please advise if you will seek the policies from Attentive or if we will need to seek judicial intervention. Given the short discovery period remaining, we would prefer not to have to issue a third party subpoena.

Our dispute with RFP 12 has to do with the Attentive declaration. In our mind, the declaration was prepared in connection with this litigation, as you are appearing to attempt to submit the same in evidence as to the same. So given that we know the document exists, and was prepared in connection with litigation, this begs the question as to why it was not produced, and if there are any other documents, such as email correspondences between Attentive and Value City, which are also not being produced, withheld, or simply not properly searched for. So, instead of making ad-hominem personal attacks on our efforts to meet and confer, please let us know your position on this one in light of this clarification and our concerns as articulated.

4

<u>Exhibit 2</u>

I think we are at an impasse with respect to the complaints sought in RFP 13 and 14 with respect to the complaints, etc., and intend to seek judicial intervention.

On Wed, Jul 2, 2025 at 5:00 AM Christopher Tackett <ctackett@baileycav.com> wrote:

Andrew,

Good morning, and I hope that you are doing well. I am writing to address your email from a couple weeks back raising questions about discovery after you entered your appearance in this case. I have done my best to unjumble the various items and address each one in detail.

Regarding your prefatory point to argue that Mr. McGonible's phone records are not relevant or subject to discovery, the cited cases are distinguishable and not precedential in this court. McGonigle put his phone usage at issue by bringing his claims in this case. That said, we are open to a protective order.

Regarding your other questions on Value City's responses to Plaintiff McGonigle's first set of discovery, please see our responses below, each after a quote of your inquiry:

1. With respect to Interrogatories 3, I do not see a document with bates Value City Furniture_004, could you please advise?

   **Value City_4 is the document titled "Message History 804-238-5410."**

2. With respect to Interrogatory 5 and 6, the documents identified at bates 2, 3, and 14 and 15, seem to indicate that an email address was provided in connection with the purported opt in, as well as the existence of some potential other information, such as IP address. All pertinent records regarding the purported opt in should be identified.

Exhibit 2

**Interrogatory No. 5** states:

Identify the reason(s) Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver text messages to Plaintiff, or to telephone number 804-238-5410, and the intended recipient(s) of the text messages.

**Discovery Response:** Value City objects to this Interrogatory because the terms "reason(s)" and "intended recipients" are vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent it suggests that any communications with the Telephone Number were sent without express consent. Value City objects to this Interrogatory because it is compound. Subject to and without waiving the foregoing objections and the General Objections: the owner of the Telephone Number expressly opted in to receive text messages from Value City on April 14, 2022 and the Telephone Number remained voluntarily enrolled in Value City's marketing program until McGonigle provided first notice that McGonigle did not wish to receive marketing text messages.

**Interrogatory No. 6** states:

Identify from whom, for what purpose, from where, when, why, and how Defendant obtained or procured telephone number 804-238-5410.

**Discovery Response:** Value City objects to this Interrogatory because the phrase "for what purpose" is vague, ambiguous, and undefined. Value City objects to this Interrogatory because it is compound. Value City objects to this Interrogatory to

the extent it suggests that that any communications with the Telephone Number were sent without express consent. Subject to and without waiving the foregoing objections and the General Objections: per Fed. R. Civ. P. 33(d), see document marked Value City Furniture_002.

**Value City Reply to Your Emailed Question:**

**The above interrogatories do not ask for the information that you are now requesting at all. The interrogatories ask Value City why it was sending marketing messages to the Telephone Number and how Value City obtained the Telephone Number. Value City has more than adequately answered both questions. You now seek additional information that is beyond the scope of both interrogatories.**

**Furthermore, the information you ask for is private information of the prior owner of the Telephone Number and not relevant to the clear evidence of the opt in that Value City has already provided. There is no legitimate dispute that the prior owner of the Telephone**

<u>Exhibit 2</u>

**Number opted-in to receiving marketing messages from Value City. And, what you are now seeking is not what you asked for in those interrogatories anyways.**

3. I wanted to clarify the response to Request 7, is Value City's position that the Plaintiff simply opted in to receive text messages, or is there some other relationship, such as having purchased or delivered furniture?

   **Interrogatory No. 7** states:

   Identify any relationship or account Defendant has or had with Plaintiff, in connection with which Plaintiff could have provided telephone number 804-238-5410 to Defendant.

   **Discovery Response:** Value City objects to this Interrogatory because the phrase "relationship or account" is vague, ambiguous, and undefined. Value City objects to this Interrogatory because it is overly broad in time and scope. Subject to and without waiving the foregoing objections and the General Objections: the owner of the Telephone Number expressly opted in to receive text messages from Value City on April 14, 2022.

   **Value City Reply to Your Emailed Question: This question does not appear to relate to the response Value City gave to Interrogatory No. 7, so it seems there may have been some confusion on your part.**

4. With respect to RFPs 4 and 5, are there are documents being withheld, or are there additional documents related to the opt-in? Presumably, the data contained in the Attentive declaration came from somewhere, and we are entitled to the actual evidence itself, not just a self-serving declaration from Attentive.

**Respectfully, RFPs No. 4 and 5 do not ask the best questions and it appears you are trying to stretch them beyond what the say.**

<u>Exhibit 2</u>

**RFP No. 4** states**:**

Documents and electronically stored information sufficient to identify the reason(s) Defendant, or a vendor on behalf of Defendant, delivered or attempted to deliver text messages to Plaintiff, or to telephone number 804-238-5410, and the intended recipient(s) of the text messages.

**Discovery Response:** Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrases "sufficient to identify" and "reason(s)" are vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent. Value City objects to this Request because it is duplicative of Request Nos. 1-3.

Subject to and without waiving the foregoing objections and the General Objections: the reason for the communications is self-evident, as they were part of Value City's marketing program that the owner of the Telephone Number opted-in to. Value City will produce responsive documents regarding communications with the Telephone Number and its express consent to send marketing messages to the Telephone Number.

**RFP No. 5** states**:** Documents and electronically stored information sufficient to identify from whom, for what purpose, from where, when, why, and how Defendant obtained or procured telephone number 804-238-5410.

**Discovery Response:** Value City objects to this Request because it is overly broad in time and scope. Value City objects to this Request because the phrases "sufficient to identify" and "for what purpose" are vague, ambiguous, and undefined. Value City objects to this Interrogatory to the extent that it suggests that any communications with the Telephone Number were sent without express consent.

**Value City Reply to Your Emailed Question: We are not withholding documents. We have provided documentation proving the opt in of Telephone Number's owner in 2022, which fully respond to RFP No. 4 and 5. We are saying Value City does not have them. You are free to inquire of Attentive.**

5. On RFP 7, are documents being withheld, or are we correct in understanding that Value City does not scrub numbers against the DNC?

<u>Exhibit 2</u>

**We are not withholding documents. The response speaks for itself.**

6. What documents were produced responsive to RFP 9?

**We are not obligated to identify records responsive to each individual request. You have our document production. The documents Value City provided identify the relationship between Value City and the telephone number, as requested.**

7. RFPs 10 and 11 would also encompass any of Attentive's documents and policies, to the extent Value City has none. Those documents are plainly within Value City's possession, care, custody, and control as defined by the Rules and the case law interpreting the same with respect to documents held within the possession of third party agents subject to the principal's control.

   **No, your conclusory factual supposition above is not accurate. Attentive is a third-party compliance vendor that Value City relies upon for its expertise. The mere fact that Attentive has proprietary policies that fuel its expertise does not make Value City an owner of those Attentive policies. Value City may have control over some account files that Attentive has related to Value City, however, that account information would not be responsive to RFP No. 10 and 11 regarding Attentive's policies and procedures. Value City does not have control or ownership over Attentive's internal compliance policies and procedures.**

8. With respect to RFP 12, is it Value City's position that Attentive's letter produced as bates 2 and 3/14 and 15 are not "Statements, declarations, or affidavits prepared or received in connection with this litigation?"

   **This question does not make sense and appears to be a combination of condescending and rhetorical. It is not clear what the point of the comment is,**

<u>Exhibit 2</u>

**but it does not appear to be an effort to confer on a discovery dispute. The referenced document was gathered in real time, pre-litigation, to show records demonstrating express consent to contact the telephone number. It is, thus, not a "[s]tatement[], declaration[], or affidavit[] prepared or received in connection with this litigation."**

9. RFP 13 is still relevant to the Plaintiff's individual claims because complaints from others may have put Value City on notice as to inadequate policies or other individuals who did not consent.

**The item above is not a question and contains a mere conclusion. It does not explain, nor could it, how a complaint by some other person in the past (if it exists) would be relevant to whether Value City violated the law when it sent marketing text messages to the Telephone Number while holding express consent to do so---and wholly unaware that a new owner had just obtained the Telephone Number and never once told Value City that he didn't want to receive the messages. As soon as McGonigle's lawyer wrote Value City and said that McGonigle did not want to receive the messages, he was immediately removed.**

10. Same with RFP 14. Plaintiff is entitled to know if he was treated the same vis a vis other individuals who requested to cease receiving messages from Value City.

**This is not relevant to Plaintiff's individual claim. Plaintiff was immediately removed from Value City's marketing message program as soon as he provided notice. If others exist who were treated differently, it would not be relevant to liability or damages in McGonigle's individual claim.**

11. With respect to RFP 17, are any documents being withheld, or have all documents been produced?

**We will look into this, but our understanding is that all responsive documents have been produced.**

We believe the above should answer all of your questions, but please let me know if there are any

<u>Exhibit 2</u>

further questions on these items. Thanks.


-Chris




Christopher Tackett  *Member*



<u>10 W. Broad Street, Ste. 2100</u>  •
<u>Columbus, OH 43215-3422</u>

direct: 614.229.3286  •  main:
614.221.3155  •  fax: 614.221.0479

<u>ctackett@baileycav.com</u>  |
<u>baileycav.com</u>

Bailey Cavalieri LLC


---

**From:** Andrew Perrong <<u>a@perronglaw.com</u>>
**Sent:** Wednesday, June 11, 2025 8:56 PM
**To:** Christopher Tackett <<u>ctackett@baileycav.com</u>>
**Cc:** Anthony Paronich <<u>anthony@paronichlaw.com</u>>; Graycen Wood <<u>gwood@baileycav.com</u>>; Brian
Giles <<u>Bgiles@gilesharper.com</u>>; Adrian Radilla <<u>aradilla@baileycav.com</u>>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV



Christopher, as an initial matter, we note that your client is not entitled to records of other calls or
text messages that our client sent or received from entities other than your client, as they are not
relevant, and we appropriately objected on the same basis. *Fostano v. Santander Consumer
USA, Inc.*, No. 10-80704-CIV, 2011 WL 13319593, at *2 (S.D. Fla. Mar. 29, 2011) (denying motion
to compel years' worth of the Plaintiff's cell phone records and stating that "these requests are
overly broad as to time and are likely to encompass large volumes of irrelevant cell phone records.
The Court does, however, find relevant those records establishing the placement of calls from
Defendant to Plaintiff's cell phone."); *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285
(M.D. Fla. 2017) (denying production of a plaintiff's cell phone to attempt to find calling records).
As you are aware, this is a putative class action alleging violations of the TPCA and as such
requiring production of such information would be contrary to the Plaintiff's privacy interests and
desire to avoid unwanted intrusions into his personal privacy, which is the very subject of this

<u>Exhibit 2</u>

lawsuit. That being said, we are willing to produce unredacted Verizon records for a limited time frame upon entry of a protective order.

Second, we wish to set a time to meet and confer with you regarding the following:

1. With respect to Interrogatories 3, I do not see a document with bates Value City Furniture_004, could you please advise?

2. With respect to Interrogatory 5 and 6, the documents identified at bates 2, 3, and 14 and 15, seem to indicate that an email address was provided in connection with the purported opt in, as well as the existence of some potential other information, such as IP address. All pertinent records regarding the purported opt in should be identified.

3. I wanted to clarify the response to Request 7, is Value City's position that the Plaintiff simply opted in to receive text messages, or is there some other relationship, such as having purchased or delivered furniture?

4. With respect to RFPs 4 and 5, are there are documents being withheld, or are there additional documents related to the opt-in? Presumably, the data contained in the Attentive declaration came from somewhere, and we are entitled to the actual evidence itself, not just a self-serving declaration from Attentive.

5. On RFP 7, are documents being withheld, or are we correct in understanding that Value City does not scrub numbers against the DNC?

6. What documents were produced responsive to RFP 9?

7. RFPs 10 and 11 would also encompass any of Attentive's documents and policies, to the extent Value City has none. Those documents are plainly within Value City's possession, care, custody, and control as defined by the Rules and the case law interpreting the same with respect to documents held within the possession of third party agents subject to the principal's control.

8. With respect to RFP 12, is it Value City's position that Attentive's letter produced as bates 2 and 3/14 and 15 are not "Statements, declarations, or affidavits prepared or received in connection with this litigation?"

9. RFP 13 is still relevant to the Plaintiff's individual claims because complaints from others may have put Value City on notice as to inadequate policies or other individuals who did not consent. Same with RFP 14. Plaintiff is entitled to know if he was treated the same vis a vis other individuals who requested to cease receiving messages from Value City.

10. With respect to RFP 17, are any documents being withheld, or have all documents been produced?

<u>Exhibit 2</u>

On Tue, Jun 10, 2025 at 6:08 PM Christopher Tackett <<u>ctackett@baileycav.com</u>> wrote:

Anthony,

As promised, please see attached for the requested verification of Value City's written responses to Plaintiff McGonigle's Interrogatory responses.

We will await word from you about whether Plaintiff will withdraw the redactions. But, please get us a response this week, as the limited discovery period on the individual claim does not allow time for these type of delays.

-Chris

Christopher Tackett  *Member*



<u>10 W. Broad Street, Ste. 2100</u> ●
<u>Columbus, OH 43215-3422</u>
direct: 614.229.3286 ● main:
614.221.3155 ● fax: 614.221.0479
<u>ctackett@baileycav.com</u> |
<u>baileycav.com</u>

Bailey Cavalieri LLC

**From:** Christopher Tackett <<u>ctackett@baileycav.com</u>>
**Sent:** Monday, June 9, 2025 5:46 PM
**To:** Anthony Paronich <<u>anthony@paronichlaw.com</u>>
**Cc:** Andrew Perrong <<u>a@perronglaw.com</u>>; Andrew Heidarpour <<u>aheidarpour@hlfirm.com</u>>; Graycen Wood <<u>gwood@baileycav.com</u>>; Brian Giles <<u>Bgiles@gilesharper.com</u>>; Adrian Radilla <<u>aradilla@baileycav.com</u>>
**Subject:** RE: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Anthony,

<u>Exhibit 2</u>

We never heard back from you about removing the improper redactions. Please advise.

Also, we can conduct the 30(b)(6) at our offices on July 14, 18, or 21. Please let me know which works best for you. Thanks.

-Chris

Christopher Tackett  *Member*



[10 W. Broad Street, Ste. 2100](#) ●
[Columbus, OH 43215-3422](#)

direct: 614.229.3286 ● main:
614.221.3155 ● fax: 614.221.0479

[ctackett@baileycav.com](mailto:ctackett@baileycav.com) |
[baileycav.com](http://baileycav.com)

Bailey Cavalieri LLC

**From:** Anthony Paronich <[anthony@paronichlaw.com](mailto:anthony@paronichlaw.com)>
**Sent:** Saturday, May 31, 2025 11:31 AM
**To:** Christopher Tackett <[ctackett@baileycav.com](mailto:ctackett@baileycav.com)>
**Cc:** Andrew Perrong <[a@perronglaw.com](mailto:a@perronglaw.com)>; Andrew Heidarpour <[aheidarpour@hlfirm.com](mailto:aheidarpour@hlfirm.com)>; Graycen
Wood <[gwood@baileycav.com](mailto:gwood@baileycav.com)>; Brian Giles <[Bgiles@gilesharper.com](mailto:Bgiles@gilesharper.com)>; Adrian Radilla
<[aradilla@baileycav.com](mailto:aradilla@baileycav.com)>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

That should work for timing.

We'll circle back on the redactions and can circle back later this week.

Exhibit 2

----

Anthony Paronich

Paronich Law, P.C.

350 Lincoln Street, Suite 2400

Hingham, MA 02043

[o] (617) 485-0018

[c] (508) 221-1510

[f] (508) 318-8100


This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


On Sat, May 31, 2025 at 11:22 AM Christopher Tackett <ctackett@baileycav.com> wrote:

> Anthony,
>
> I pinged my client on Wednesday but I have not yet received a response. I will follow up early next week. I'm envisioning that we would do both depositions in early to mid July.
>
> As a separate matter, I need to hear back from you on your position relating to my objection to the undisclosed redactions on the Verizon statements. Please let me know your position so we can determine whether we will need a hearing with the magistrate. Thank you.

<u>Exhibit 2</u>

Get [Outlook for iOS](Outlook for iOS)

Christopher Tackett *Member*

**BAILEY | CAVALIERI**

[10 W. Broad Street, Ste. 2100](10 W. Broad Street, Ste. 2100) •
[Columbus, OH 43215-3422](Columbus, OH 43215-3422)

direct: 614.229.3286 • main:
614.221.3155 • fax: 614.221.0479

[ctackett@baileycav.com](ctackett@baileycav.com) |
[baileycav.com](baileycav.com)

Bailey Cavalieri LLC

---

**From:** Anthony Paronich <[anthony@paronichlaw.com](anthony@paronichlaw.com)>
**Sent:** Saturday, May 31, 2025 11:04:04 AM
**To:** Christopher Tackett <[ctackett@baileycav.com](ctackett@baileycav.com)>
**Cc:** Andrew Perrong <[a@perronglaw.com](a@perronglaw.com)>; Andrew Heidarpour <[aheidarpour@hlfirm.com](aheidarpour@hlfirm.com)>;
Graycen Wood <[gwood@baileycav.com](gwood@baileycav.com)>; Brian Giles <[Bgiles@gilesharper.com](Bgiles@gilesharper.com)>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Hello, Chris. Any word on your client's deposition availability? We want to coordinate the
dates so we can make sure our client can get off work and he'll need a few weeks notice to be
available to travel.

----

Anthony Paronich

Paronich Law, P.C.

[350 Lincoln Street, Suite 2400](350 Lincoln Street, Suite 2400)

[Hingham, MA 02043](Hingham, MA 02043)

[o] (617) 485-0018

[c] (508) 221-1510

[f] (508) 318-8100

Exhibit 2

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Wed, May 28, 2025 at 12:46 PM Christopher Tackett <ctackett@baileycav.com> wrote:

Thanks, we will file shortly.

Get Outlook for iOS

Christopher Tackett  *Member*

BAILEY | CAVALIERI

10 W. Broad Street, Ste. 2100  ●
Columbus, OH 43215-3422

direct: 614.229.3286  ●  main:
614.221.3155  ●  fax: 614.221.0479

ctackett@baileycav.com  |
baileycav.com

Bailey Cavalieri LLC

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Wednesday, May 28, 2025 12:25:29 PM
**To:** Christopher Tackett <ctackett@baileycav.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Heidarpour
<aheidarpour@hlfirm.com>; Graycen Wood <gwood@baileycav.com>; Brian Giles
<Bgiles@gilesharper.com>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

This is acceptable.

On Wed, May 28, 2025 at 11:23 AM Christopher Tackett <ctackett@baileycav.com> wrote:

<u>Exhibit 2</u>

Anthony,

Please see the attached proposed joint motion to address our emails from May 15 about a brief extension of the deadlines for discovery and dispositive motions on McGonigle's individual claim due to difficulty with the timing of depositions relative to the cutoff.

Please review and confirm if we have your consent to file.

Separately, as an update, I am awaiting a response from Value City regarding a July deposition date for Plaintiff's requested 30(b) deposition and should have a discovery verification back to you sometime in the next few business days. Thanks.

-Chris

Christopher Tackett  *Member*

BAILEY | CAVALIERI

10 W. Broad Street, Ste. 2100 •
Columbus, OH 43215-3422

direct: 614.229.3286  •  main:
614.221.3155  •  fax: 614.221.0479

ctackett@baileycav.com |
baileycav.com

Bailey Cavalieri LLC

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, May 27, 2025 2:40 PM
**To:** Christopher Tackett <ctackett@baileycav.com>
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Graycen Wood <gwood@baileycav.com>; Brian Giles <Bgiles@gilesharper.com>; Andrew Perrong <a@perronglaw.com>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Chris:

<u>Exhibit 2</u>

Our claim is not that they are related in terms of the discovery dispute on each issue, it's just that we have been waiting for quite a while to hear back on an item we have raised.

Thank you for letting us know that we will hear back soon, and please copy my co-counsel on correspondence about this case

Anthony

> On May 27, 2025, at 8:37 PM, Christopher Tackett <ctackett@baileycav.com> wrote:
>
> Anthony,
>
> Thanks for confirming receipt. Plaintiff's improper and undisclosed redactions have nothing to do with those other two items, but I appreciate the reminder and will get back to you in the next couple days on those items.
>
> We will send you the Joint Motion to Extend the deadlines on individual discovery and summary judgment.
>
> Get Outlook for iOS

Christopher Tackett  *Member*

BAILEY | CAVALIERI

10 W. Broad Street, Ste. 2100 •
Columbus, OH 43215-3422

direct: 614.229.3286 • main:
614.221.3155 • fax: 614.221.0479

ctackett@baileycav.com |
baileycav.com

Bailey Cavalieri LLC

<u>Exhibit 2</u>

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, May 27, 2025 2:29:37 PM
**To:** Christopher Tackett <ctackett@baileycav.com>
**Cc:** Andrew Heidarpour <aheidarpour@hlfirm.com>; Graycen Wood
<gwood@baileycav.com>; Brian Giles <Bgiles@gilesharper.com>
**Subject:** Re: McGonigle v. Value City - RE: 2:24-cv-04293-JLG-CMV

Chris:

We will review and revert. However, I believe we are at least 10 days past
our inquiry regarding the verification and the deposition dates. Please
advise.

Anthony

> On May 27, 2025, at 8:23 PM, Christopher Tackett
> <ctackett@baileycav.com> wrote:
>
> Anthony,
>
> Upon further review, it appears that you have redacted large
> portions of the supplemental production without ever
> acknowledging or noting that you have redacted these Verizon
> statements.  First, please confirm whether you have redacted
> information from the Verizon statements.  If you have done so,
> please state your legal basis for the evidently improper
> redaction of directly relevant case information.
>
> Thank you.
>
> -Chris

Christopher Tackett  *Member*

BAILEY | CAVALIERI

20

Exhibit 2

10 W. Broad Street, Ste. 2100 •
Columbus, OH 43215-3422

direct: 614.229.3286 • main:
614.221.3155 • fax: 614.221.0479