UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated*, | ) ) ) ) Case No. 2:24-cv-04293 |
| Plaintiff, | ) ) Judge James L. Graham |
| v. | ) ) ) Magistrate Judge Chelsey M. Vascura |
| VALUE CITY FURNITURE, INC., | ) ) |
| Defendant. | ) ) |

## REPLY IN SUPPORT OF
## MOTION TO EXTEND DISCOVERY FOR THE PURPOSE OF ISSUING SUBPOENA

Value City's opposition reduces to one theme: "too late." The record shows the opposite. Plaintiff acted diligently, sought to avoid unnecessary motion practice while discovery was still open, and moved promptly after Defendant ignored two meet and confer requests on a single third-party deposition that is the subject of this motion. To this end, the Plaintiff did not do what the Defendant impermissibly did in *sending out three subpoenas* with dates for compliance *after the discovery cutoff.* Defendant issued *three* non-compliant subpoenas on their face. Plaintiff is properly seeking leave of Court to issue one, in compliance with the Court's schedule. Defendant now attempts to fault the Plaintiff for acting properly in seeking the Defendant's consent to extend the discovery cutoff to permit the *proper* service of subpoenas without Court intervention, but the Defendant refused to so much as respond to Plaintiff, let alone co-operate in good faith.

That is the essence of "good cause" under Rule 16(b)(4). Defendant provides no compelling reason why the Plaintiff should not be permitted to issue a deposition subpoena to Attentive Mobile in this action and completely ignores Defendant's own lack of good faith in providing the position it now takes in its opposition to counsel for Plaintiff when twice asked for

the same, while discovery was still open. Defendant should not be rewarded in its attempts to obfuscate the substantial role Attentive had, not just in the telemarketing conduct at issue, but also in providing legal compliance services to Value City. For the reasons that follow, the Plaintiff's motion should be granted.

Defendant Value City's opposition can be boiled down to a single contention: the Plaintiff's request comes too late. Not so. As an initial matter, the Plaintiff notes that, as explained in the Plaintiff's original motion, and as attached herein as Exhibit A, while the discovery period was still open, counsel for Plaintiff inquired to attempt to see if Defendant would be amenable to a 30 day extension to permit the Plaintiff to issue a subpoena to Attentive, partly to avoid the unnecessary motion practice at issue here necessitated by Defendant's lack of good faith. Defendant did not respond to the Plaintiff's two good faith attempts to issue a subpoena to Attentive. This conduct is all the more problematic in that Defendant improperly issued three subpoenas *with dates for compliance after the close of discovery*, as attached in Exhibit B. If Plaintiff's motion is denied, such misconduct warrants quashing Defendant's improperly noticed and untimely subpoenas.

Plaintiff cannot be penalized for waiting to issue a subpoena by agreement instead of issuing one that conflicted with the Court's scheduling order, as Defendant did. As such, rather than disregard this Court's scheduling order, as Defendant did by issuing defective subpoenas, the Plaintiff attempted to meet and confer and avoid the need for judicial intervention, which the Plaintiff promptly sought shortly after the discovery period closed. Particularly given that Value City served *three* subpoenas with return dates *after the close of discovery*, Defendant cannot credibly claim prejudice when Plaintiff seeks leave for a single third-party deposition subpoena,

which was attempted to be noticed in good faith. That alone is sufficient good cause for the modification of a scheduling order after the deadline.

Defendant argues Plaintiff "long-knew" of Attentive's involvement. But knowing *that* Attentive existed is not knowing *what* Attentive did. It is true that Value City identified Attentive in April 2025 and represented in discovery responses that responsive materials resided with Attentive. Plaintiff's counsel met and conferred in July, and Value City *itself* suggested subpoenaing Attentive, and later confirmed Attentive would not provide documents through Value City. However, seeking to understand the scope of documents Attentive had, the Plaintiff inquired of the relationship between Value City and Attentive at Value City's deposition. It was only at that time that Plaintiff first learned Attentive was not merely a platform for sending text messages, as the meet and confer correspondences and discovery had indicated, but also provided legal and compliance advice, including Reassigned Number feasibility and maintenance of DNC policies on which Value City relied, facts that materially expanded the need for Attentive's deposition testimony.

What's more, Attentive's significant role in this litigation was only revealed at Mr. Dezso's deposition. Prior to that deposition, the Plaintiff and his counsel were operating under the understanding that Attentive simply was a telephone service provider that had its own policies and procedures for TCPA compliance. However, at Mr. Dezso's deposition, it was revealed that Attentive *also* provided significant legal and compliance advice to Defendant Value City, including consulting on the feasibility of scrubbing numbers against the Reassigned Number Database. It was also revealed that Value City did not maintain an internal do not call list or policy, but instead relied on Attentive for those policies. As such, though Attentive was

*disclosed* during discovery, its significant role, and corresponding need to depose Attentive on the same topics, was not evident until Mr. Dezso's deposition.

Rule 16(b)(4) permits modifying a schedule for good cause. The "primary measure" of good cause is the moving party's diligence. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) Prejudice is relevant but not dispositive. *Id.* Where, as here, a party acts promptly upon learning new, material information and seeks narrowly tailored third-party discovery, courts in this District have granted limited extensions, such as in *Frechette*, particularly when the discovery bears on an issue that will be of central importance when evaluating the Defendant's apparent dispositive motion. Here, Value City's deposition testimony triggered the need for Attentive's corporate deposition. Plaintiff then promptly sought Defendant's position before the deadline and moved shortly after it. That is the very definition of diligence under Rule 16, and renders the Defendant's authorities distinguishable. Each of them involved parties who sat on known issues and moved long after the deadline without a compelling reason. Here, Plaintiff identified the need for a discrete, third-party deposition, promptly sought to proceed to extend the deadline to complete discovery by agreement within the discovery period to permit that subpoena to issue with an appropriate time for compliance, and then filed the instant motion mere days after the cutoff when Defendant refused to engage and unreasonably forced the Plaintiff to seek judicial intervention. That factual posture aligns with *Frechette* and the Sixth Circuit authorities that the Plaintiff cites, not *Donnelly* or *McNamee*. Given that the Plaintiff proactively sought the Defendant's consent while the discovery window remained open, and the Defendant ignored those inquires, good cause and the balance of equities tilt in favor of granting relief to the Plaintiff, who followed the rules and sought judicial intervention, rather than unilaterally noticing non-compliant dates.

Furthermore, Defendant's claims of prejudice ring hollow. Value City will not be burdened by an extension simply permitting a single third-party deposition addressing topics it has long known were at issue but apparently sought to hide from Plaintiff as to the extent of that involvement. Value City has also disclaimed possession, care, custody, or control of Attentive's policies and related materials and confirmed Attentive would not provide them through Value City. That makes Attentive's own testimony indispensable, particularly given the reciprocal testimony that Value City relied on Attentive's own expertise and policies in those areas. In fact, an extension would give Value City *more time* to develop and brief the dispositive motion it apparently intends to file. Indeed, such a deposition would permit a summary judgment adjudication during the *bifurcated* discovery period on a complete record. And, as mentioned above, Value City's claim of prejudice is further undermined by its own decision to improperly issue subpoenas with dates for compliance after the close of discovery.

Plaintiff acted diligently and seeks to extend the discovery period to permit a single deposition. The Plaintiff has established good cause and a lack of prejudice. As such, Rule 16(b)(4) has been satisfied. For the foregoing reasons, the Court should grant the instant motion.

DATE: August 20, 2025

PLAINTIFF, individually and
on behalf of others similarly situated,

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
[o] (215) 225-5529
[f] (888) 329-0305
a@perronglaw.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2025, I electronically served the foregoing on counsel for the parties.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong