AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

Andrew James McGonigle )
*Plaintiff* )
v. ) Civil Action No. 2:24-cv-04293
Value City Furniture, Inc. )
)
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Workforce Business Services

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: via email to ctackett@baileycav.com | Date and Time: 08/11/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT
                                                              OR    /s/ Graycen M. Wood
_____                                    _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Value City Furniture, Inc. , who issues or requests this subpoena, are:

Graycen M. Wood, 10 W. Broad St. Ste 2100, Columbus, OH 43215, gwood@baileycav.com, 614-229-3375

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-04293

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Ohio Rules of Civil Procedure, Defendant Value City Furniture, Inc. ("Value City") commands Workforce Business Services ("Workforce") to produce and permit Value City to inspect and copy the following designated documents on or by **August 11, 2025. Workforce may mail electronic or hard copies of responsive documents to Christopher Tackett electronically to ctackett@baileycav.com.** If you must produce records in person, you can do so at 201 E Kennedy Boulevard, Suite 712, Tampa, Florida 33602.

### Definitions

1. "Any" or "all" shall mean any and all.
2. "Communications" means any transmittal of information in whatever form—whether written or oral—including e-mails; text messages; letters; memoranda; recorded or transcribed conversations, meetings, or conferences of any kind; voice messages; Social Media posts or messages; cables; and telegrams delivered or made by or from one Person to another. For written documents, this includes hard copy and electronic documents. Communications includes all "Social Media," defined as forms of electronic communication through which users create online communities to share information, ideas, personal messages, and other content. Social Media includes blogs; comments to online articles; written, photographic, and video posts via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Twitter, TikTok, YouTube, or other similar website; text messages, messages, or comments sent via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Twitter, TikTok, YouTube, or other similar website; chat or instant message conversations sent via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, TikTok, WeChat, or other similar website; and instant messages sent via an instant messaging program, such as AIM, iChat, Google Talk, Slack, or Yahoo! Messenger.
3. "Documents" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproductions, and all tangible things, including information in electronic and machine readable form, resident on computer networks, computers, and PDAs or other hand-held devices, specifically including without limitation: writings, graphs, charts, photographs, phone

1

records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books, diaries, time sheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, electronically stored information ("ESI"), electronic data, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, books, new releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, data processing discs or readable computer-produced interpretations, electronic media (including, but not limited to, e-mails, whether stored within an in box, out box, sent box, trash box, or in any other manner, e-mail logs, computer memory, hard drives, floppy discs, compact discs and magnetic tapes of any kind), booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings, photographs, blueprints, slides, audit reports, personal interviews, summaries or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in your possession, custody, or control or to which you can obtain access.

4. "McGonigle" means Andrew James McGonigle, along with his representatives, agents, employees, attorneys, and investigators, and all Persons acting at the direction or on his behalf.

5. "Related to" means comprising, constituting, quoting from, excerpting, paraphrasing, summarizing, abstracting, synopsizing, interpreting, construing, evaluating,

2

<ol start="6">
<li>analyzing, assessing, dealing with, treating, addressing, memorializing, evidencing, reflecting, mentioning, referring to, bearing any relationship to and/or having to do with.</li>
<li>"You," "Your," or "Workforce" means Workforce Business Services, along with your subsidiaries, parent companies, affiliates, representatives, past and present officers, directors, representatives, agents, employees, attorneys, investigators, managers, divisions, subgroups, departments, and all persons acting at the direction or on behalf of one or more of it.</li>
</ol>

## DOCUMENTS TO BE PRODUCED

1. All payroll records, including W-2s and paystubs, for McGonigle for his work at Allen's Tile Stocking Service located in Ocklawaha, Florida.
2. McGonigle's employment application for his work at Allen's Tile Stocking Service located in Ocklawaha, Florida.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| Andrew James McGonigle ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:24-cv-04293 |
| Value City Furniture, Inc. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Dreamland Amusements

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: via email to ctackett@baileycav.com | Date and Time: 08/11/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR | */s/ Graycen M Wood* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Value City Furniture, Inc. , who issues or requests this subpoena, are:

Graycen M. Wood, 10 W. Broad St. Ste 2100, Columbus, OH 43215, gwood@baileycav.com, 614-229-3375

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04293

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.*  A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Ohio Rules of Civil Procedure, Defendant Value City Furniture, Inc. ("Value City") commands Dreamland Amusements ("Dreamland") to produce and permit Value City to inspect and copy the following designated documents on or by **August 11, 2025. Dreamland may mail electronic or hard copies of responsive documents to Christopher Tackett electronically to ctackett@baileycav.com.** If you must produce records in person, you can do so at 151 Country Estates Cir., Suite 1, Reno, NV 89511.

Definitions

1. "Any" or "all" shall mean any and all.
2. "Communications" means any transmittal of information in whatever form—whether written or oral—including e-mails; text messages; letters; memoranda; recorded or transcribed conversations, meetings, or conferences of any kind; voice messages; Social Media posts or messages; cables; and telegrams delivered or made by or from one Person to another. For written documents, this includes hard copy and electronic documents. Communications includes all "Social Media," defined as forms of electronic communication through which users create online communities to share information, ideas, personal messages, and other content. Social Media includes blogs; comments to online articles; written, photographic, and video posts via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Twitter, TikTok, YouTube, or other similar website; text messages, messages, or comments sent via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Twitter, TikTok, YouTube, or other similar website; chat or instant message conversations sent via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, TikTok, WeChat, or other similar website; and instant messages sent via an instant messaging program, such as AIM, iChat, Google Talk, Slack, or Yahoo! Messenger.
3. "Documents" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproductions, and all tangible things, including information in electronic and machine readable form, resident on computer networks, computers, and PDAs or other hand-held devices, specifically including without limitation: writings, graphs, charts, photographs, phone

1

records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books, diaries, time sheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, electronically stored information ("ESI"), electronic data, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, books, new releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, data processing discs or readable computer-produced interpretations, electronic media (including, but not limited to, e-mails, whether stored within an in box, out box, sent box, trash box, or in any other manner, e-mail logs, computer memory, hard drives, floppy discs, compact discs and magnetic tapes of any kind), booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings, photographs, blueprints, slides, audit reports, personal interviews, summaries or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in your possession, custody, or control or to which you can obtain access.

4. "McGonigle" means Andrew James McGonigle, along with his representatives, agents, employees, attorneys, and investigators, and all Persons acting at the direction or on his behalf.

5. "Related to" means comprising, constituting, quoting from, excerpting, paraphrasing, summarizing, abstracting, synopsizing, interpreting, construing, evaluating,

2

       analyzing, assessing, dealing with, treating, addressing, memorializing, evidencing, reflecting, mentioning, referring to, bearing any relationship to and/or having to do with.

6. "You," "Your," or "Dreamland" means Dreamland Amuesments, along with your subsidiaries, parent companies, affiliates, representatives, past and present officers, directors, representatives, agents, employees, attorneys, investigators, managers, divisions, subgroups, departments, and all persons acting at the direction or on behalf of one or more of it.

## DOCUMENTS TO BE PRODUCED

1. All payroll records, including W-2s and paystubs, for McGonigle.
2. McGonigle's employment application.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| Andrew James McGonigle ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:24-cv-04293 |
| Value City Furniture, Inc. ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Essex County Animal Shelter

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: via email to ctackett@baileycav.com | Date and Time: 08/11/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR | /s/ Graycen M. Wood |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Value City Furniture, Inc. , who issues or requests this subpoena, are:

Graycen M. Wood, 10 W. Broad St. Ste 2100, Columbus, OH 43215, gwood@baileycav.com, 614-229-3375

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-04293

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                        *Server's signature*

                                                    _____
                                                        *Printed name and title*

                                                    _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Ohio Rules of Civil Procedure, Defendant Value City Furniture, Inc. ("Value City") commands Essex County Animal Shelter ("Animal Shelter") to produce and permit Value City to inspect and copy the following designated documents on or by **August 11, 2025. Animal Shelter may mail electronic or hard copies of responsive documents to Christopher Tackett electronically to ctackett@baileycav.com.** If you must produce records in person, you can do so at 1250 I Street NW, Suite 901, Washington, DC 20005.

Definitions

1. "Any" or "all" shall mean any and all.
2. "Communications" means any transmittal of information in whatever form—whether written or oral—including e-mails; text messages; letters; memoranda; recorded or transcribed conversations, meetings, or conferences of any kind; voice messages; Social Media posts or messages; cables; and telegrams delivered or made by or from one Person to another. For written documents, this includes hard copy and electronic documents. Communications includes all "Social Media," defined as forms of electronic communication through which users create online communities to share information, ideas, personal messages, and other content. Social Media includes blogs; comments to online articles; written, photographic, and video posts via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Twitter, TikTok, YouTube, or other similar website; text messages, messages, or comments sent via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Twitter, TikTok, YouTube, or other similar website; chat or instant message conversations sent via Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, TikTok, WeChat, or other similar website; and instant messages sent via an instant messaging program, such as AIM, iChat, Google Talk, Slack, or Yahoo! Messenger.
3. "Documents" means all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproductions, and all tangible things, including information in electronic and machine readable form, resident on computer networks, computers, and PDAs or other hand-held devices, specifically including without limitation: writings, graphs, charts, photographs, phone

records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books, diaries, time sheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, electronically stored information ("ESI"), electronic data, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, books, new releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, data processing discs or readable computer-produced interpretations, electronic media (including, but not limited to, e-mails, whether stored within an in box, out box, sent box, trash box, or in any other manner, e-mail logs, computer memory, hard drives, floppy discs, compact discs and magnetic tapes of any kind), booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings, photographs, blueprints, slides, audit reports, personal interviews, summaries or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in your possession, custody, or control or to which you can obtain access.

4. "McGonigle" means Andrew James McGonigle, along with his representatives, agents, employees, attorneys, and investigators, and all Persons acting at the direction or on his behalf.

5. "Related to" means comprising, constituting, quoting from, excerpting, paraphrasing, summarizing, abstracting, synopsizing, interpreting, construing, evaluating,

2

      analyzing, assessing, dealing with, treating, addressing, memorializing, evidencing, reflecting, mentioning, referring to, bearing any relationship to and/or having to do with.

6.   "You," "Your," or "Animal Shelter" means Essex County Animal Shelter, along with your subsidiaries, parent companies, affiliates, representatives, past and present officers, directors, representatives, agents, employees, attorneys, investigators, managers, divisions, subgroups, departments, and all persons acting at the direction or on behalf of one or more of it.

## DOCUMENTS TO BE PRODUCED

1. All payroll records, including W-2s and paystubs, for McGonigle.
2. McGonigle's employment application.