UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW JAMES McGONIGLE,

      Plaintiff,

  v.                                         Civil Action 2:24-cv-4293
                                               Judge James L. Graham
                                               Magistrate Judge Chelsey M. Vascura

VALUE CITY FURNITURE, INC.,

      Defendant.

**OPINION AND ORDER**

Plaintiff, Andrew McGonigle, sues Defendant, Value City Furniture Inc., for violation of the Telephone Consumer Protection Act. This matter is before the Court on Plaintiff's Motion to Extend Discovery for the Purpose of Issuing Subpoena (ECF No. 20). For the reasons below, Plaintiff's Motion is **GRANTED**.

      **I.**      **BACKGROUND**

Plaintiff commenced this putative class action on December 23, 2024. (Compl., ECF No. 1.) Early in the case, Defendant moved for and obtained a stay of discovery as to the putative class claims until after resolution of Plaintiff's individual claim. (ECF Nos. 7, 11.) In granting this stay, the Court noted possible prejudice to Plaintiff as a result of the stay, and accordingly directed the parties to proposed expedited deadlines for discovery and dispositive motions as to Plaintiff's individual claim. (ECF No. 11.) On March 5, 2025, the undersigned adopted the parties' proposed case schedule and issued a Preliminary Pretrial Order ("PPO") setting the deadlines for discovery on June 30, 2025 and dispositive motions on July 31, 2025. (ECF No.

13.) The PPO also stated that the parties "must also file any motions relating to discovery within the discovery period." (*Id.* at 3.) The discovery deadline was later extended until July 30, 2025, with dispositive motions due September 2, 2025. (ECF No. 18.)

On July 10, 2025, the parties conferred about various discovery responses by Defendant. As to Plaintiff's Request for Production Nos. 10–11, Plaintiff's email summary of the conference stated, "[Defendant] will inquire of Attentive[, Inc., a third-party vendor who provided services in connection with Defendant's telemarketing,] if they will produce their policies and promptly advise us of the same. With respect to RFP 11, [Defendant] will either produce those policies or provide a statement that [Defendant] relied on Attentive for those policies, and [Plaintiff] will attempt to obtain them from Attentive." (Email Chain, ECF No. 21-3, PAGEID #146.) Defendant's counsel denied ever agreeing to "provide a statement," but otherwise agreed with Plaintiff' summary. (*Id.* at PAGEID #145.) On July 16, Defendant followed up, stating "Attentive's legal counsel indicated to me late yesterday that they do not view Value City as having a right to request copies of Attentive's compliance policies." (*Id.* at PAGEID #144.)

On July 21, 2025, Plaintiff deposed Ryan Dezso, Defendant's corporate representative under Federal Rule of Civil Procedure 30(b)(6). Mr. Dezso testified

> about various matters pertaining to Attentive, including Attentive's provision of compliance advice to Value City, Value City's reliance on Attentive expertise in crafting its texting policies, Value City's non-maintenance and reliance on Attentive to maintain an internal Do Not Call policy, Attentive to maintain its own internal Do Not Call policies, and Value City's discussion of the feasibility of using the Reassigned Number Database, which would have prevented the calls to Mr. McGonigle.

(Pl.'s Mot. 1, ECF No. 20).[1] Plaintiff contends, and Defendant does not dispute, that Plaintiff reached out to Defendants multiple times following Mr. Dezso's deposition to request an

---

[1] The parties did not submit relevant portions of the deposition transcript, but Defendant does not contest this summary of Mr. Dezso's testimony.

2

extension of the discovery period to allow for Plaintiff to issue a subpoena to Attentive, but that Defendant did not respond to those inquiries.[2] (*Id.* at 2; *see also* July 30, 2025 Emails, ECF No. 23-1, PAGEID #154–55.)

Meanwhile, on July 25, 2025—five days prior to the close of discovery—Defendant issued three subpoenas of its own to obtain Plaintiff's tax records from his prior employers. (Subpoenas, ECF No. 23-2.) Those subpoenas requested compliance by August 11, 2025, eleven days after the close of discovery. (*Id.*)

Plaintiff's Motion followed on August 7, 2025. (ECF No. 20.) Therein, Plaintiff seeks an extension of the discovery period for the limited purpose of issuing a Rule 30(b)(6) subpoena to Attentive. Defendant opposes, arguing that Plaintiff's Motion is untimely because it was filed after the July 30, 2025 discovery deadline and that the September 2, 2025 dispositive motions deadline is fast approaching. (Def.'s Mem. in Opp'n, ECF No. 21.)

## II. STANDARDS GOVERNING CASE SCHEDULE EXTENSIONS

A district court must enter a scheduling order limiting the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as here, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)

---

[2] Defendant disputes that the parties previously conferred about a subpoena to Attentive for deposition, as opposed to document production, and reiterates the correspondence the parties had through July 16, 2025. (Def.'s Mem. in Opp'n 4, ECF No. 21.) But Defendant does not dispute that Plaintiff made additional inquiries following Mr. Dezso's July 21, 2025 deposition to which it did not respond.

(quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III. ANALYSIS

Plaintiff has demonstrated good cause to modify the case schedule. First, Plaintiff diligently sought Defendant's consent to a discovery extension following Mr. Dezso's July 21, 2025 deposition at which Plaintiff learned new information concerning Attentive's role in Defendant's telemarketing. And although Plaintiff's Motion was filed after the close of discovery, only seven days had passed since that deadline. Moreover, only 22 days elapsed between Defendant's confirmation that it could not obtain Attentive's policies and the filing of Plaintiff's Motion. During those 22 days, Plaintiff was in touch with Defendant multiple times reiterating his intent to seek discovery from Attentive. The Court is satisfied that Plaintiff has demonstrated the necessary diligence.

Moreover, the Court can discern little prejudice to Defendant as a result of extending the case schedule. The expedited deadlines for discovery and dispositive motions were put in place for *Plaintiff's* benefit, not Defendant's. And given that Defendant itself only recently issued subpoenas that required compliance outside the discovery period, Defendant is clearly in no hurry to wrap up discovery. Further, Defendant notes it has already begin drafting its summary judgment motion, but Defendant does not explain how additional time to do so would be prejudicial. Nor does Defendant contest the relevance of the discovery that Plaintiff seeks from Attentive. Accordingly, denying Plaintiff the opportunity to take discovery from Attentive would undermine the general proposition that Courts prefer to decide cases on their merits rather than

4

on technicalities. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009).

## IV. DISPOSITION

For the reasons above, Plaintiff's Motion to Extend Discovery for the Purpose of Issuing Subpoena (ECF No. 20) is **GRANTED**. The discovery period for Plaintiff's individual claim is **EXTENDED** for the *limited purpose* of allowing Plaintiff to depose Attentive, Inc., pursuant to a Rule 30(b)(6) subpoena until **SEPTEMBER 22, 2025**. Dispositive motions as to Plaintiff's individual claim must be filed by **OCTOBER 17, 2025**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE