Exhibit 7

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Andrew James McGonigle, individually and on behalf of others similarly situated | : : : |
| Plaintiff, | : Case No. 2:24-cv-04293 : |
| v. | : Judge James L. Graham : : Magistrate Judge Chelsey M. Vascura |
| Value City Furniture, Inc., | : : |
| Defendant. | : |

**Plaintiff Andrew McGonigle's Response to Defendant Value City Furniture, Inc.'s First Interrogatories, Requests for Admission, and Requests for Production**

**Requests for Admissions**

1. Admit You did not reply "STOP" to stop receiving promotional text messages when you received the first text message to the Telephone Number from Value City.

   *Response:*

   Plaintiff ADMITS.

2. Admit You could have replied "STOP" when you received the first text message to the Telephone Number from Value City.

   *Response:*

   Plaintiff ADMITS.

<u>Exhibit 7</u>

3. Admit You personally did not register the Telephone Number on the Do Not Call Registry.

   *Response:*

   Plaintiff DENIES this request to the extent it suggests that he took no personal action to register the Telephone Number on the Do Not Call Registry. Plaintiff states that he personally attempted to register the number on or about August 5, 2024, and upon doing so, received confirmation that the number had already been registered on January 10, 2014. Accordingly, while Plaintiff may not have been the original registrant, he did personally take steps to register the number.

4. Admit You have made a purchase from Value City.

   *Response:*

   Plaintiff DENIES.

5. Admit You know the prior owner of the Telephone Number consented to receive text messages from Value City.

   *Response:*

   Plaintiff DENIES.

6. Admit that you have visited Value City's website.

   *Response:*

   Plaintiff DENIES.

Exhibit 7

7. Admit that you have not received a voice call from Value City.

*Response:*

Plaintiff ADMITS.

<u>Exhibit 7</u>

### Interrogatories

1. Identify all Persons with knowledge of the subject matter of your individual claims against Value City and your acquisition of the Telephone Number, including their name, addresses, relationship with You, and provide a summary of their knowledge.

    *Answer:*

    Plaintiff objects to this interrogatory on the grounds that it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Plaintiff has made a reasonable inquiry and identifies the following individuals who may have knowledge of the facts or allegations concerning the Action: Plaintiff; Plaintiff's attorneys; and Defendant's representatives or agents involved in the alleged communications.

2. Provide a computation and itemization of the damages You seek on your individual claims against Value City and for each type of damages, state the precise total of damages sought and set forth the method(s) of calculation You used in arriving at this amount.

    *Answer:*

    Plaintiff objects that this interrogatory seeks a final computation of damages before Plaintiff has had a reasonable opportunity to assess the full scope of violations and review relevant evidence. Plaintiff further objects to the extent Defendant is already in possession of relevant data such as the number and content of messages it sent. Subject to and without waiving objections, Plaintiff seeks statutory damages under 47 U.S.C. § 227(b)(3), at a minimum of $500 and up to $1,500 per violation as permitted by law.

Plaintiff reserves the right to supplement this response as additional information becomes available through discovery.

3. Identify the prior owner of the Telephone Number before it was reassigned to You, and state Your relation to that person.

   *Answer:*

   Plaintiff objects to this interrogatory as vague, overbroad, and unduly burdensome, as it seeks information on an individual not known to Plaintiff. Plaintiff also objects because this request is not proportional to the needs of the case. Subject to the foregoing, Plaintiff does not know the identity of the prior owner of the Telephone Number, and Plaintiff has not had any communications with this person.

4. Describe with particularity how the Telephone Number was reassigned to You, including without limitation the date of the reassignment, the reason for reassignment, where the reassignment took place, and all persons involved in the reassignment.

   *Answer:*

   Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this case. Subject to the foregoing, Plaintiff states that the Telephone Number was assigned to him on or about August 5, 2024, when he purchased a prepaid phone at a Dollar General store. The reassignment took place at that store. Plaintiff does not recall the names of any store employees involved in the transaction.

Exhibit 7

5. Identify your telephone service provider for the Telephone Number.

   *Answer:*

   Plaintiff objects that the interrogatory seeks information not relevant to any claim or defense in this case. Subject to the foregoing, Plaintiff states that his service provider for the Telephone Number is Verizon.

6. State why You did not reply "STOP" when you received the first text message from Value City to the Telephone Number that was purportedly unwanted.

   *Answer:*

   Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous as to the meaning of "why," which could refer to Plaintiff's subjective state of mind, legal obligations, technical understanding, or expectations about efficacy. Plaintiff further objects to the extent it seeks to shift the burden of proving the absence or revocation of consent onto Plaintiff, when the burden of establishing prior express consent lies with Defendant. Subject to the foregoing, Plaintiff states that he does not specifically recall his thought process at the time he received the first text from Defendant, and therefore cannot definitively state why he did not respond "STOP" at this time. Plaintiff further states that Defendant sent unsolicited text messages without first obtaining Plaintiff's consent, and Plaintiff was under no obligation to take affirmative steps to halt unlawful communications.

7. If Your answer to Request for Admission No. 3 is a denial, state the date on which You personally registered the Telephone Number on the Do Not Call Registry.

6

Exhibit 7

*Answer:*

Plaintiff objects to this interrogatory on the grounds that it seeks information not relevant to any claim or defense and is not proportional to the needs of the case. The identity of the individual who originally registered the Telephone Number on the National Do Not Call Registry is immaterial under the TCPA, so long as the number was listed at the time Defendant sent the challenged messages and Plaintiff was the subscriber or regular user of the number. Subject to the foregoing, Plaintiff states that he personally attempted to register the Telephone Number on or about August 5, 2024, shortly after acquiring the number on or about August 5, 2024. Upon doing so, Plaintiff received confirmation that the number had already been registered on January 10, 2014.

8. Identify all telephone numbers You have used from January 1, 2022 to present.

*Answer:*

Plaintiff objects to this interrogatory as overbroad and unduly burdensome, as it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the request seeks information for dates well before and after the relevant period of the alleged incidents, as well as information regarding possible phone numbers not involved in the claims of this case. Subject to the foregoing, Plaintiff states that after a reasonable inquiry, his prior phone number was 252-518-3959.

<u>Exhibit 7</u>

## **VERIFICATION**

I, Andrew McGonigle, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and upon information and belief.

Dated: April 16, 2025            *Andrew McGonigle* （signature）

_____

Andrew McGonigle, Plaintiff

8

<u>Exhibit 7</u>

### Document Requests

1. All resumes, CVs, publications, and reports from any expert witness that You retain Related to this Your individual claims.

   *Response:*

   Plaintiff objects to this request as premature. Subject to the foregoing, Plaintiff currently has no responsive documents as no expert witness has been retained at this time. Documents related to expert witnesses will be disclosed as required by Federal Rule of Civil Procedure 26(a)(2), at least 90 days before trial or according to the court's scheduling order.

2. All Documents and Communications Related to Your individual claims in the Complaint.

   *Response:*

   Plaintiff objects to this request as vague and overly broad because it seeks "all documents" on the matter and thus has a potentially limitless scope. Plaintiff further objects because this request seeks irrelevant information, is not proportional to the needs of the case, and is unduly burdensome. Plaintiff also objects to the extent that the documents sought are just as accessible to the Defendant as they are to the Plaintiff. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

3. All Documents and Communications Related to Your computation of individual damages identified in response to Interrogatory No. 2.

9

Exhibit 7

*Response:*

Plaintiff objects to this request as vague and overly broad because it seeks "all documents" on the matter and thus has a potentially limitless scope. Plaintiff further objects to this request as premature, as the exact calculation of damages may depend on further discovery and legal proceedings. Plaintiff also objects to the extent that the information sought is just as accessible to the Defendant as it is to the Plaintiff. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

4. Copies of all text messages You received from Value City or its agents to the Telephone Number.

    *Response:*

    Plaintiff objects to this request as unduly burdensome because the records sought are equally accessible to Defendant. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

5. Any existing Documents that substantiate that You personally registered the Telephone Number on the Do Not Call Registry.

    *Response:*

    Plaintiff objects to this request on the grounds that it seeks information not relevant to any claim or defense and is not proportional to the needs of the case. The identity of the individual who originally registered the Telephone Number on the National Do Not Call Registry is immaterial under the TCPA, so long as the number was listed at

<u>Exhibit 7</u>

the time Defendant sent the challenged messages and Plaintiff was the subscriber or regular user of the number. Subject to the foregoing, Plaintiff states that he personally attempted to register the Telephone Number on the National Do Not Call Registry on or about August 5, 2025, shortly after acquiring the number. In response, the Registry confirmed that the number had already been registered as of January 10, 2014. Plaintiff will produce the confirmation email reflecting this.

6. All Documents related to the reassignment of the Telephone Number to You.

   *Response:*

   Plaintiff objects to this request as vague and overly broad because it seeks "all documents" on the matter and thus has a potentially limitless scope. Plaintiff further objects because the request is unduly burdensome and not relevant to any claim or defense in this case. Subject to the foregoing, Plaintiff will produce responsive documents, including a text from Verizon on August 4, 2024, and other information from Verizon.

7. All Documents related to the alleged registration of the Telephone Number on the Reassigned Number Database.

   *Response:*

   Plaintiff objects to this request as vague and overly broad because it seeks "all documents" on the matter and thus has a potentially limitless scope. Plaintiff further objects on the grounds that the Reassigned Number Database is maintained by the Federal Communications Commission for use by telemarketers and other callers, and

consumers such as Plaintiff do not "register" their telephone numbers in that database. The information sought is equally available to Defendant, if not more readily accessible by Defendant, as it is Defendant—not Plaintiff—who would be expected to query the database before initiating telemarketing communications. Subject the foregoing, Plaintiff states that he has no responsive documents in his possession, custody, or control.

8. Your telephone service provider bills from January 1, 2024 to present.

   ***Response:***

   Plaintiff objects on the grounds of privacy, relevance, and undue burden. The request seeks sensitive personal and financial information not proportional to the needs of the case and for which no protective order has been entered. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control. Plaintiff acquired the Phone Number on or around August 5, 2024, and has no access to telephone bills from any prior user. Plaintiff uses a Verizon prepaid account and, upon inquiry with his provider, was informed that detailed telephone bills are not available for prepaid accounts. Plaintiff also attempted to access additional billing information through Verizon's online portal but was unable to retrieve further documents due to account access issues. Plaintiff will produce available documentation confirming the activation of his service and payment activity.

9. All Documents and Communications to support Your allegation that You "suffered actual harm as a result of the subject text messages," as alleged in paragraph 19 of the

12

<u>Exhibit 7</u>

Complaint.

*Response:*

Plaintiff objects to this request as vague and overly broad because it seeks "all documents" that support a contention and thus has a potentially limitless scope. Plaintiff further objects to the extent Defendant is already in possession of relevant data such as the number and content of messages it sent. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control. Plaintiff seeks statutory damages under 47 U.S.C. § 227(b)(3), at a minimum of $500 and up to $1,500 per violation as permitted by law. Plaintiff reserves the right to supplement this response as additional documents become available through discovery.

10. All documents and communications exchanged between you and the person that assigned you the Telephone Number regarding the Telephone Number.

    *Response:*

    Plaintiff objects to this request as vague and overly broad because it seeks "all documents" of this kind and thus has a potentially limitless scope. Plaintiff further objects because the request is unduly burdensome and not relevant to any claim or defense in this case. Subject to the foregoing, Plaintiff has no responsive documents.

Date: April 16, 2025                                        Respectfully submitted,
                                                            */s/ Anthony I. Paronich*
                                                            Anthony I. Paronich,

13

<u>Exhibit 7</u>

        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com

        *<u>/s/ William Robinson</u>*
        William Robinson
        VSB:76098
        319 N. Piedmont St., #1
        Arlington VA. 22203
        ph. 703-789-4800
        wprlegal@gmail.com

        *Counsel for Plaintiff*

Exhibit 7

## CERTIFICATE OF SERVICE

I hereby certify that, on April 16, 2025, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: */s/ Andrew W. Heidarpour*
Andrew W. Heidarpour
E-mail: AHeidarpour@HLFirm.com
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorney for Plaintiff*
