Exhibit 10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Andrew James McGonigle, individually and on behalf of others similarly situated | : <br> : <br> : Case No. 2:24-cv-04293 <br> : <br> : Judge James L. Graham <br> : <br> : Magistrate Judge Chelsey M. Vascura <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| Value City Furniture, Inc., | |
| Defendant. | |

**Plaintiff Andrew McGonigle's Response to Defendant Value City Furniture, Inc.'s Third Requests for Admission, Interrogatories, and Requests for Production**

**Requests for Admissions**

9. Admit that You do not currently have a full-time job, working 30 or more hours per week.
*Response:*
Plaintiff objects to this request on the grounds that it seeks information not relevant to any claim or defense and is not proportional to the needs of the case. Subject to the foregoing, Plaintiff DENIES.

10. Admit that in 2025, You filed more than 15 lawsuits alleging violations of the TCPA.
*Response:*
Plaintiff objects to this request on the grounds that it seeks information not relevant to any claim or defense and is not proportional to the needs of the case, and further objects to the extent it is intended to suggest impropriety or discredit Plaintiff based on the lawful exercise of his rights under the TCPA. Subject to the foregoing, Plaintiff ADMITS.

11. Admit that in 2025, Your largest source of income is monies received from TCPA lawsuits, expressly including settlement payments relating to the lawsuits.
*Response:*
Plaintiff objects to this request on the grounds that it seeks information not relevant to any claim or defense and is not proportional to the needs of the case. Plaintiff further objects to the extent the request is intended to harass, embarrass, or chill the lawful exercise of Plaintiff's rights under the TCPA. Subject to the foregoing, Plaintiff DENIES.

1

<u>Exhibit 10</u>

12. Admit that there are no further voice calls identified in your available Verizon statements (which you produced at Doc. Nos. McGonmigle.Valu0050 [sic] through McGonigle.Valu116), if you click the next button to the right of page 25 (as seen on McGonigle.Valu116).
*Response:*
Plaintiff objects to this request on the grounds that it assumes facts not in evidence, including continued access to a 45-day rolling call log that is no longer available. Plaintiff further objects to the extent the request seeks information not relevant to any claim or defense and is not proportional to the needs of the case, as any additional voice call entries that may have been accessible by clicking the "next" button beyond McGonigle.Valu116 would have fallen outside the timeframe of the alleged TCPA violations. The Plaintiff objects in that this request cannot be responded truthfully through admission, denial, or qualified denial as the Plaintiff lacks sufficient information to admit or deny what additional call records, if any, may yet be discovered or available. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

Exhibit 10

## Interrogatories

13. Identify any amounts You received in payment for judgments or settlements of TCPA lawsuits related to the Telephone Number from September 1, 2024 to present.

    [Note: To the extent that you maintain a confidentiality interest in that information, that does not absolve Plaintiff from providing that relevant information. Please let us know *before your response date* and we will provide the S.D. Ohio standard protective order for your review and the written response may be designated as confidential under the protective order.].

    *Answer:*
    Plaintiff objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. As multiple courts have held, how much money one has recovered in terms of their statutory damages for judgments or settlements is simply not relevant to whether the instant claims have merit, nor are such questions relevant to the Plaintiff's standing. As such, the information sought is neither relevant nor proportional to the needs of the case. Additionally, such information may further be subject to court-imposed confidentiality or protective orders as well as the strictures of Rule 408. Plaintiff also objects to the extent it seeks material protected by the attorney–client privilege, work-product doctrine, or any other applicable privilege or immunity, as well as documents containing confidential or personal information of third parties. Furthermore, this request is harassing. Plaintiff also objects to the extent it seeks information concerning lawsuits unrelated to the telephone calls at issue in this case. Subject to the foregoing, Plaintiff identifies the following settlement payments received in TCPA lawsuits related to the Telephone Number from September 1, 2024 to present:

    - $10,015 on April 20, 2025 from *McGonigle v. D'Artagnan, Inc.*, No. 1:2025cv00052 (E.D. Va.)
    - $8,000 on May 1, 2025 from *McGonigle v. Laurice El Badry Rahme, Ltd.*, No. 1:2024cv01742 (E.D. Va.)
    - $3,000 on May 9, 2025 from *McGonigle v. FTD, LLC*, No. 1:2024cv12201 (N.D. Ill.)
    - $4,000 on June 1, 2025 from *McGonigle v. Filters Fast LLC*, No. 1:2024cv02063 (E.D. Va.)
    - $3,000 on June 1, 2025 from *Mcgonigle v. Richmond Fitness, INC.*, No. 3:2025cv00167 (E.D. Va.)
    - $3,000 on June 6, 2025 from *McGonigle v. PERPAY, INC.*, No. 2:2025cv00326 (E.D. Pa.)
    - $4,000 on June 6, 2025 from *McGonigle v. Everyday Dose LLC*, No. 1:2024cv25115 (S.D. Fla.)

14. Identify who referred you to the Heidarpour Law Firm.
    *Answer:*
    Plaintiff objects to this interrogatory to the extent it seeks information not relevant to

any claim or defense and is not proportional to the needs of the case. Plaintiff further objects to the extent it seeks information protected by the attorney-client privilege or that could reveal attorney work product, including internal referral relationships. Subject to the foregoing, Plaintiff states that he was not referred by any individual or organization but instead found the Heidarpour Law Firm by performing a Google search for how to stop telemarketing calls and texts.

15. Identify any telephone numbers that you engaged in a cellular voice call with that is identified in the 25 pages of Verizon statements (within Doc. Nos. McGonmigle.Valu0050 [sic] through McGonigle.Valu116) that were improperly redacted and identify the person or business associated with the number and the reason for the call.

    *Answer:*
    Plaintiff objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Plaintiff objects to this request as harassing and argumentative in that it insinuates that the Plaintiff "improperly redacted" telephone numbers. Moreover, the Plaintiff objects to the information sought as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes, as well as those of innocent third parties, as well as seeking information of a highly sensitive and personal nature. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials, as well as other information protected by privilege, such as doctor-patient privilege. The interrogatory seeks information about voice calls, yet Plaintiff's claims are based solely on unsolicited text messages, and the calls referenced in the cited documents occurred several months after the alleged texts. Plaintiff further objects because the interrogatory seeks private and irrelevant information unrelated to the issues in this case. Plaintiff also objects to the extent the interrogatory assumes that any redactions were improper; the redactions applied to the referenced phone records were proper and limited to non-responsive voice calls irrelevant to the claims in this action. Finally, Plaintiff objects because if any relevant voice call had occurred with Defendant or someone affiliated with Defendant, Defendant would be in possession of that information. Subject to the foregoing, Plaintiff does not identify any telephone numbers that were improperly redacted, nor any calls in the referenced records that are relevant to the claims in this action.

Exhibit 10

## **VERIFICATION**

I, Andrew McGonigle, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and upon information and belief.

Dated: July 1, 2025

_____

Andrew McGonigle, Plaintiff

Exhibit 10

## Document Requests

12. A current resume that identifies Your employment from January 1, 2022 to present.
*Response:*
Plaintiff objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case. Plaintiff further objects on the grounds that the request seeks private and confidential personal information without any showing of relevance, particularly where no claim for lost income or financial damages has been made. Subject to the foregoing, Plaintiff has no responsive documents in his possession, custody, or control.

13. Your state, local, and federal tax returns for tax years 2023 and 2024.
*Response:*
Plaintiff objects to this request on the grounds that it seeks documents that are irrelevant, not proportional to the needs of the case, and invasive of Plaintiff's privacy. The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client and other protected communications. The Plaintiff objects insofar as this request is not relevant to any claim or defense, overly broad, and unduly burdensome, and is therefore not proportional to the needs of the case. Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's income information, tax forms, and tax returns are irrelevant to the calls the Plaintiff received and thus also disproportionate to the needs of this case. Moreover, the provision of federal and state taxpayer information is confidential and protected from disclosure by federal and state law and is subject to federal and state privacy law. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. This request can also be read to require disclosure of payments for medical expenses and disability income, if any, which implicates significant personal privacy concerns regarding the Plaintiff's private medical and health information, which is also protected under federal and state law. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff further objects on the basis of relevance in that no claim for lost income or other financial damages has been made. Courts routinely recognize that tax returns are subject to heightened protection and are not discoverable absent a compelling showing of relevance.

6

<u>Exhibit 10</u>

14. Produce any Form W-2s that you have received for employment wages during the tax years 2023 and 2024.
    *Response:*
    Plaintiff objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case. Plaintiff further objects to the request as overbroad to the extent it seeks personal financial records without any showing that Plaintiff's income or employment history is relevant to the claims at issue in this TCPA action. The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client and other protected communications. The Plaintiff objects insofar as this request is not relevant to any claim or defense, overly broad, and unduly burdensome, and is therefore not proportional to the needs of the case. Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's income information, tax forms, and tax returns are irrelevant to the calls the Plaintiff received and thus also disproportionate to the needs of this case. Moreover, the provision of federal and state taxpayer information is confidential and protected from disclosure by federal and state law and is subject to federal and state privacy law. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. This request can also be read to require disclosure of payments for medical expenses and disability income, if any, which implicates significant personal privacy concerns regarding the Plaintiff's private medical and health information, which is also protected under federal and state law. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff further objects on the basis of relevance in that no claim for lost income or other financial damages has been made. Courts routinely recognize that tax returns are subject to heightened protection and are not discoverable absent a compelling showing of relevance.

15. Produce any tax forms that you have received associated with settlement of TCPA lawsuits during the years 2024 and 2025.
    *Response:*
    Plaintiff objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case. Plaintiff further objects to the request to the extent it seeks disclosure of personal tax information without any showing of relevance, and to the extent it seeks documents for the year 2025, which is not yet completed. Plaintiff also objects to the

7

request as vague to the extent it does not identify which "tax forms" are sought. Plaintiff objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses and are not proportional to the needs of the case. Plaintiff further objects to the request as overbroad to the extent it seeks personal financial records without any showing that Plaintiff's income or employment history is relevant to the claims at issue in this TCPA action. The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client and other protected communications. The Plaintiff objects insofar as this request is not relevant to any claim or defense, overly broad, and unduly burdensome, and is therefore not proportional to the needs of the case. Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's income information, tax forms, and tax returns are irrelevant to the calls the Plaintiff received and thus also disproportionate to the needs of this case. Moreover, the provision of federal and state taxpayer information is confidential and protected from disclosure by federal and state law and is subject to federal and state privacy law. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. This request can also be read to require disclosure of payments for medical expenses and disability income, if any, which implicates significant personal privacy concerns regarding the Plaintiff's private medical and health information, which is also protected under federal and state law. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff further objects on the basis of relevance in that no claim for lost income or other financial damages has been made. Courts routinely recognize that tax returns are subject to heightened protection and are not discoverable absent a compelling showing of relevance. Subject to the foregoing, Plaintiff has no responsive documents in his possession, custody, or control.

16. Produce a copy of your engagement agreement with the Heidapour Law Firm, as well as any other attorney engagement agreements that you have signed or approved related to this case.
*Response:*
Plaintiff objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to the extent the request seeks irrelevant materials or materials not proportional to the needs of the case. Subject to the foregoing, Plaintiff will produce responsive documents

8

      in his possession, custody, or control, including the engagement agreement with the Heidarpour Law Firm, as requested.

17.     To the extent your response to RFA No. 12 is not an admission, produce any further Verizon statement pages that are available to Plaintiff.
*Response:*
Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent it relies on the response to Request for Admission No. 12, and to the extent it seeks "any further Verizon statement pages" without limitation in time. The Plaintiff has appropriately objected to RFA 12, and incorporates those objections herein. Plaintiff further objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks call and message records from time periods that are many months after the alleged violations and are not relevant to any party's claims or defenses. Plaintiff also objects to the request as seeking private and irrelevant information. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. In addition, Plaintiff objects to the extent the request implies that further records could be obtained; Verizon provides only a rolling 45-day history online, and the original records were accessed nearly two months ago. Subject to the foregoing, Plaintiff has no additional responsive documents in his possession, custody, or control.

Date: July 1, 2025

Respectfully submitted,
*/s/ Anthony I. Paronich*
Anthony I. Paronich,
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800
wprlegal@gmail.com

*Counsel for Plaintiff*

9

Exhibit 10

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 1, 2025, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: */s/ Andrew W. Heidarpour*
Andrew W. Heidarpour
E-mail: AHeidarpour@HLFirm.com
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorney for Plaintiff*