**Exhibit 16**

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

# CLASS ACTION AUTHORIZATION

**Subject of representation**: **ANDREW JAMES MCGONIGLE**("CLIENT") retains and authorizes **KAUFMAN P.A., HEIDARPOUR LAW FIRM, PLLC AND PARONICH LAW, PC** (collectively "attorneys" or "LAW FIRMS") to (i) investigate potential claims and defenses against **AMERICAN SIGNATURE, INC. d/b/a VALUE CITY FURNITURE (**DEFENDANT) concerning violations of the **Telephone Consumer Protection Act** (ii) if the attorneys' investigation shows that such a claim would have merit and that filing suit is appropriate, to file suit.

Client acknowledges that attorneys have not made any promise or prediction to Client about the outcome of Client's claims or causes of action.

As part of Attorneys' representation of Client, Attorneys will investigate whether some or all of Client's claims may be best pursued through a class action lawsuit. If, after consultation with Attorneys, Client and Attorneys jointly elect to proceed with a class action, Client agrees to act as class representative(s) in that suit. In that event, Client will be expected to act in the best interests of the entire class and not take any actions detrimental to the class. It will be the goal of any potential class action pursued by the Client and the Attorneys to obtain just compensation for any losses sustained by Client and members of the class as well as to seek any other appropriate relief such as injunctive or declaratory relief for the benefit of Client and members of the class. Client understands that in order for a case to be certified as a class action, it must be shown to the Court that there are common questions of law and fact which exist among all of the class members. On that basis, the Client understands that any class action claims will be limited to those claims which can be shown to exist for each class member. Client also understands that there are a number of special responsibilities associated with acting as a Class Representative, which have been explained to Client prior to the execution of this Agreement and which Client agrees to undertake.

### Duties of Client as a Class Representative

A. A class representative volunteers to represent many other people with similar claims and damages, because he/she believes: (1) it is important that all benefit from the lawsuit equally, (2) that a class lawsuit will save time, money and effort and will benefit all parties, and (3) that the class action is an important tool to assure compliance with the law, product safety and honest marketing practices.

B. In order for Attorneys to effectively advocate Client's interests and the interests of all putative class members, Client's assistance and cooperation is required. Client agrees to accept the duty to assist and cooperate with Attorneys as fully as possible during the pendency of the class action. Client agrees and understands the duties as class representative, and agrees to:

1. promptly furnish Attorneys with all information and documents in Client's possession or control when requested;
2. be fully candid and truthful regarding all information and documents provided to Attorneys;
3. represent the interests of all members of the class;

MCGONIGLE.VALU00134

**Exhibit 16**

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

4. always consider the interests of the class just as he/she would consider his/her own interests;
5. participate actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories and by keeping generally aware of the status and progress of the lawsuit;
6. recognize and accept that any resolution of the lawsuit, such as by settlement or dismissal, is subject to court approval and must be structured in the best interest of the class as a whole;
7. keep the Attorneys advised of Client's current address and telephone number at all times while this case is pending; and,
8. be generally knowledgeable with respect to the subject matter and progress of the lawsuit.
9. client is to advise the attorneys in advance of seeking any further relief under the bankruptcy laws (which may result in transfer of Client's claim to a trustee).

C. Client understands that if the lawsuit proceeds as a class action, Client's share of any judgment or any settlement will be determined on the same basis as that used to determine the share of the amount received by members of the entire class and that Client is not entitled to special treatment due to service as class representative. Client also understands that Client may apply for an incentive/service award, but any such award and any amount is in the court's discretion.

D. Client understands that a certified class action case cannot be settled or dismissed without the approval of the court.

**Fees**. Client and the Attorneys agree that any fee for the Attorneys' services to Client or the class will be contingent upon effecting a recovery or successful result from the parties against whom the claims are brought. Client understands that Attorneys will advance all costs necessary for prosecution of Client's claims (to the extent applicable law and ethics rules allow), with these costs to be repaid to Attorneys solely out of any settlement, judgment or award, after the attorneys' fees have been deducted. Client further understands that Attorneys will pay any or all of Defendant' costs (to the extent applicable law and ethics rules allow) in the unlikely event that the Court orders such, if our litigation is unsuccessful.

Attorneys will receive the greater of (a) one-third (33 and 1/3%) of the total settlement proceeds, award or judgment, if any; or (b) the greater of the amount of any attorneys' fees incurred relating to the Claim. The Client also understands that the Attorneys will have the ability to negotiate an award for attorneys' fees separately from any recovery for the Client. Client understands that this fee is not set by law and was negotiable between Attorneys and Client. Client understands that no settlement of Client's individual claims will be made without Client's approval. Client agrees not to waive in whole or in part the right to recover attorneys' fees and/or costs as a condition of settlement.

In the event that this case is settled on an individual basis and not settled on a class action basis we will attempt to negotiate settlement/s for full statutory damages in the maximum amount

MCGONIGLE.VALU00135

Exhibit 16

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

of $500 for negligent violations and up to $1,500 for willful violations and independently negotiate our attorney's fees and costs; however, a negotiated settlement may range anywhere up to $1,500 per violation, which is the maximum that you may be entitled to recover under the statute. In the event we negotiate an individual settlement, that settlement may include payment of attorney's fees directly to us based on the amount of time spent on the matter multiplied by our hourly rates. At times, we may request the defendant apply a multiplier based on certain risk factors in bringing this action. The amount of payment of our attorney's fees (with or without a multiplier) may be greater than the amount of statutory damages you recover. You further agree that any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us.

Client acknowledges and agrees that Heidarpour Law Firm will receive 30% of the fees after costs and that the remaining two Law Firms will split the remaining fees after costs. Kaufman P.A., and Paronich Law, PC shall retain local counsel on an hourly basis.
The Attorneys shall presume that the division in the previous sentences represents an equitable, just, proportional, and accurate reflection of the Law Firms' anticipated contributions to the resolution of the Action. If there is a material and substantial deviation from the anticipated work distribution, fees may be reallocated at the conclusion of the litigation to account for any such deviation. Any reallocation does not affect Client's recovery.

**Expenses or Costs**. Paronich Law and Kaufman P.A. will advance costs and litigation expenses, repayable only from a recovery as set forth above. Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, expert and consultant's fees, computer services, external photocopying expenses, travel and court reporter's fees. Client will not have to pay fees or expenses of prosecution to Client's attorneys except as stated above.

Joint Costs associated with experts (including expert related travel costs), depositions (court reporters, videographers, and transcripts), class certification (including notice to the class), mediation and trial shall be paid as they are incurred based on each firm's percentage of the fee. Other costs such as travel related expenses for attorneys or support staff, external photocopying, printing, or PACER charges shall be reimbursed from any recovery prior to any calculation or allocation of that recovery to attorneys' fees. If recovery is insufficient to reimburse all costs, Joint Costs and expenses shall be reimbursed prior to the reimbursement of other costs and expenses.

**Assignment of right to fee award:** Client assigns to the attorneys all rights conferred by statute or rule to recover attorneys' fees from Defendant.

**Other Counsel.** Client acknowledges and agrees that attorneys may retain co-counsel or local counsel to represent Client. In such an event, these lawyers will be compensated out of the fees paid to attorneys and such representation will not affect Client's recovery.

**Statute of limitations:** There are short time frames provided by law for the filing of claims with some that expire within a year. It is essential that this form be returned as soon as possible.

**Communication Via E-mail:** In the Attorneys' experience, it is often necessary to

MCGONIGLE.VALU00136

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

communicate with the CLIENT in writing. Communications that the LAW FIRM would ordinarily make to the CLIENT by letter can often be made more quickly by email. However, there may be risks associated with email communication. The LAW FIRM has no control over the computer networks and systems through which messages between the LAW FIRM and CLIENT pass, or over the computer system networks and systems CLIENT uses to receive and store emails sent by the LAW FIRM. Accordingly, it is impossible for the LAW FIRM to ensure that confidential communications between the LAW FIRM and CLIENT will not be seen or intercepted by third-parties. Nevertheless, the CLIENT wishes to authorize the LAW FIRM to communicate with CLIENT by email as has been done already.

**Competing Suits** – Attorneys will not represent any other plaintiff in any other suit against the above Defendant without promptly notifying the other team members of their intent to do so. In the event that any member of the team participates in any other class action involving the same claims and against the above Defendant that suit is subject to the provisions of this agreement as if that action had been filed with the matter identified in this agreement.

**Sharing of Work** – The Attorneys anticipate that they will equally be responsible for this matter and allocate work by agreement.

**Contemporaneous Records** – Each Attorney agrees to keep detailed, contemporaneous records of all billable time expended and all necessary costs, disbursements and expenses incurred in these cases, and maintain separate records of such time and costs for each matter. The attorneys will periodically exchange estimates of time expended in order balance the work load as envisioned by this agreement.

**Support for Recovery of Costs, Litigation Expenses, and Fees** – All Attorneys agree to fully cooperate and support each other's motions for fees and expenses in accordance with applicable law, if necessary.

**Statement Of Client's Rights.** Before signing this contract, Client acknowledges that they received and read the Statement of Client's Rights attached to this Agreement, and understand each of the rights set forth herein and therein. Client has signed the statement and received a signed copy to keep and to refer to while being represented by Law Firm.

**Right To Cancel.** This contract may be canceled by written notification to Law Firm at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as it has reasonably advanced on behalf of Client.

**Governing Law.** This agreement shall be governed by the laws of the state of Florida.

**Dispute Resolution** – Any dispute between the ATTORNEYS to this Agreement must be subject of arbitration before a single arbitrator in accordance with the rules of JAMS. The arbitrator's fees and any other common expense will be shared equally by the parties, except the arbitrator will order that the reasonable expenses (other than attorneys' fees) of the prevailing party, if any, be borne by the other party. **THIS PROVISION DOES NOT APPLY TO CLIENT.**

MCGONIGLE.VALU00137

<u>Exhibit 16</u>

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

## **STATEMENT OF CLIENT RIGHTS**

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary

MCGONIGLE.VALU00138

<u>Exhibit 16</u>

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

MCGONIGLE.VALU00139

<u>Exhibit 16</u>

Docusign Envelope ID: B4ADED38-B945-4959-BD2F-972024F943E7

Dated: 10/23/2024

*Andrew James mcgonigle*
_____
Andrew James McGonigle
660 North Church Lane
Tappahannock, VA 22560
Amcgonigle306@gmail.com

*Andrew Heidarpour*
_____
Andrew Heidarpour
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave NW
Washington, DC 20004
aheidarpour@hlfirm.com

Signed by:
*avi kaufman*
036BD1295C25485...
_____
Avi R. Kaufman
Kaufman PA
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

Docusigned by:
*Anthony Paronich*
BE8BD1DACF1B4A7...
_____
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

MCGONIGLE.VALU00140